461 A.2d 856

**Charlie RAGIN, Appellant,**

**v.**

**ROYAL GLOBE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued June 2, 1982.

Filed June 17, 1983.

180

Stephen Rodos, Philadelphia, for appellant.

George D. Sheehan, Philadelphia, for appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

On April 18, 1979, appellant was injured when the automobile he was driving collided with that of another driver. As a result of his claim against the other driver, Aetna Insurance Company, the other driver's insurer, paid him $15,000. This was the maximum amount appellant could recover under that driver's insurance policy. Since appellant believed that this amount did not fully compensate him for his injuries, he filed a claim with his own insurer, appellee, Royal Globe Insurance Company ("Royal Globe"), seeking to recover additional sums under the uninsured motorist provision of his insurance policy. After Royal Globe refused payment, appellant filed a motion to compel arbitration. An order to arbitrate was subsequently issued by the lower court. After a hearing, the panel of arbitrators awarded appellant $15,000 under the uninsured motorist provision of his policy. On July 13, 1981, upon motion of Royal Globe, the lower court entered an order vacating the award, and entered judgment in favor of Royal Globe. This appeal followed.

■ Appellant's first contention is that he is entitled to recover under the uninsured motorist clause of his insurance policy because the other driver's liability coverage was not sufficient to compensate him fully for the injuries he sustained. More specifically, appellant argues that an underinsured driver is considered to be an uninsured driver under the Act of August 14, 1963, P.L. 909, § 1, as amended, Act of December 19, 1968, P.L. 1254, No. 397, § 1, 40 Pa.C.S.A. 2000(a).[1] We disagree.

---

**1.** Section 2000(a) provides, in pertinent part:

    **§ 2000. Motorists uninsured, insurance protection**

      (a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or

■ Initially, we note that the other driver was insured for the minimum amount required under Pennsylvania law.[2] Therefore, *White v. Concord Mutual Insurance Co.*, 296 Pa.Super. 171, 442 A.2d 713 (1982) controls the resolution of this issue. In *White*, an en banc panel of this court held that a motorist who has insured his automobile in compliance with Pennsylvania law is not considered to be an uninsured motorist under 40 Pa.C.S.A. 2000(a). Consequently, one who is involved in an accident with such a driver, and who incurs damages in excess of the amount recoverable under the other driver's insurance policy, is not entitled to recover additional damages under the uninsured motorist provision of his own policy of automobile insurance.[3]

Appellant's second contention is that the arbitration award may not be vacated absent a showing of fraud or misconduct on the part of the arbitrators, or the denial of a hearing.

■ The standard of review in the instant case is governed by the Pennsylvania Arbitration Act, Act of October

death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly in section 1421 of article XIV of "The Vehicle Code," act of April 29, 1959 (P.L. 58) . . ., under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. . . .

2. Automobiles registered in Pennsylvania are required to carry liability insurance of at least $15,000 per person and $30,000 per accident. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 104, 40 Pa.C.S.A. § 1009.104(a). The carrying of insurance in this amount constitutes proof of financial responsibility. Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S.A. § 1747.

3. This is not a novel rule of law in Pennsylvania. *See, Fireman's Insurance Company of Newark, N.J. v. Dufrense*, 513 F.Supp. 675 (E.D.Pa.1981); *Prudential Property and Casualty Insurance Co. v. Pont*, 489 F.Supp. 9 (E.D.Pa.1979).

5, 1980, P.L. 693, No. 142, § 501, 42 Pa.C.S.A. § 7302 which provides, in pertinent part: [4]

### § 7302.  Scope of subchapter

**(a) General rule.**—An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

. . . .

**(d) Special application.—**

(1) Paragraph (2) shall be applicable where:

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.

(2) *Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a differ-*

---

**4.** The declaration sheet of the insurance policy in the instant case provided that if either party demanded arbitration to resolve a dispute regarding uninsured motorist coverage, the proceedings would be governed by the Pennsylvania Arbitration Act, Act of April 25, 1927, P.L. 381, No. 248, § 1, 5 Pa.C.S.A. 161, *et seq.*  Therefore, principles governing statutory arbitration apply in the instant case.  *See, Runewicz v. Keystone Insurance Co.,* 476 Pa. 456, 383 A.2d 189 (1978); *See also, Keeler v. Local I.B. of T., W. & H.,* 423 Pa. 353, 223 A.2d 724 (1966); *Harwitz v. Selas Corp. of America,* 406 Pa. 539, 178 A.2d 617 (1962).  The Act of April 25, 1927 has since been repealed by the Act of October 5, 1980, P.L. 693, No. 142, § 501(*l*), 42 Pa.C.S.A. § 7301 *et seq.*

*ent judgment or a judgment notwithstanding the verdict.*[5] (emphasis supplied)

Therefore, we hold that where relief has been awarded due to an egregious mistake of law on the part of the arbitrators, the award may be vacated. This court also agrees with the reasoning employed by Justice Pomeroy in *Runewicz v. Keystone Insurance Company,* 476 Pa. 456, 383 A.2d 189 (1978):

> Just as the courts should be steadfast in upholding the validity of arbitration awards against unwarranted appeals for judicial intervention, so should they be diligent to strike down an award which is palpably made in bad faith, ignorance of the law, [or] indifference to the justice of the result. For an arbitrator to say that an insured vehicle is uninsured is such a flagrant case. Judicial approval of an award so irresponsible will ... serve to erode the public confidence on which the arbitration system in the field of casualty insurance depends; such approval can only increase the resort to the courts that the majority believes its decision will help avert.

476 Pa. at 467, 383 A.2d at 194–95 (dissenting opinion) (citation omitted). *See also,* 6A A. Corbin, Contracts, § 1439 at 417 (an arbitration award can be set aside for fraud, collusion, or a manifest disregard of the law).

In order to establish legal order within the arbitration process, courts must refuse to sanction monetary awards which are contrary to law, inequitable, unjust, or the apparent result of prejudice on the part of the arbitra-

---

5. Section 7302 applies to the instant case because Section 501(b) of Act of 1980, Oct. 5, P.L. 693, No. 142, provides as follows:

   (b) The provisions of 42 Pa.C.S. § 7302(d)(2) (relating to special application) shall be applicable to any nonjudicial arbitration pursuant to:

   (1) An agreement made prior to the effective date of this act which expressly provides that it shall be interpreted pursuant to the law of this Commonwealth and which expressly provides for statutory arbitration.

   (2) An agreement heretofore or hereafter made which expressly provides for arbitration pursuant to the former provisions of the Act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration.

tors. *See, Allstate v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973). *See also,* H. Kronstein, Arbitration is Power, 38 *N.Y.U.L.Rev.* 66 (1963); I. Cominskey and M. Cominskey, Commercial Arbitration—Panacea or Nightmare?, 47 *Temp. L.Q.* 457 (1974).

█ Moreover, we believe that it would be unconscionable to allow appellant in the instant case to recover additional sums where he has already been compensated by the other driver and where his own policy did not permit additional recovery. Therefore, the lower court correctly vacated the award and entered judgment in favor of Royal Globe.

Order affirmed.