469 A.2d 1124

**Edward BROMLEY and Victorianna Bromley, Individually and as Husband and Wife**

v.

**ERIE INSURANCE GROUP, Appellant.**

Superior Court of Pennsylvania.

Argued June 8, 1983.

Filed Dec. 23, 1983.

544

Michael B. Kaleugher, Pittsburgh, for appellant.

James J. Lestitian, Pittsburgh, for appellees.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

HESTER, Judge:

Appellees, Edward and Victorianna Bromley, were seriously injured on October 28, 1979 when Kenneth Stewart drove his automobile across the center line and head-on into appellees' motor vehicle on Route 8 in Allegheny County, Pennsylvania. Theodore Miller was operating his vehicle behind appellees' and in the same lane of traffic. He too was injured when the Stewart vehicle caused him to collide with the rear of appellees' vehicle.

Stewart insured his vehicle through Sentry Insurance Company under a single-limit, fifty thousand dollar policy. Sentry paid the maximum coverage to the injured parties by allocating $33,333.00 to appellees and $16,667.00 to Miller.

Appellees were not fully compensated for their injuries through Stewart's insurance carrier; consequently, they sought additional compensation from their carrier, Erie Insurance Group, appellant herein. According to appellees, the uninsured motorist clause in their contract of insurance with appellant covered their loss. Appellant denied coverage and the matter was submitted to arbitration.

The majority arbitrators found that appellees' injuries were compensable to the full extent of the $60,000.00 of uninsured motorist coverage provided by appellant; how-

ever, said coverage was reduced by the amount of insurance payable by Stewart's carrier. As a result, appellees were awarded $26,667.00, a sum representing the difference between appellees' uninsured motorist coverage and the amount paid by the tortfeasor's carrier. Thereafter, appellant filed an application to vacate the arbitration award with the Court of Common Pleas of Allegheny County. The lower court denied the application and adopted the majority opinion of the arbitrators in an Order of Court dated January 27, 1982. Appellant filed this appeal from that Order.

Frequently in an appeal from an order affirming or vacating arbitration awards, one party raises the issue of whether the lower court had jurisdiction over the application to vacate. Appellees raise that issue here; therefore, prior to any discussion on the merits, we must determine whether this matter is properly before this Court.

 Within the uninsured motorist provisions of their contract for motor vehicle insurance; the parties agreed to submit to arbitration any disagreement over the amount of damages or the right to recover damages.[1] It is well-settled that issues arising from uninsured motorist provisions containing an arbitration clause shall be subjected to the *exclusive* jurisdiction of the arbitrators. *Allstate Ins. Co. v. McMonagle*, 449 Pa. 362, 296 A.2d 738 (1972); *Nationwide Mut. Ins. Co. v. Barbera*, 443 Pa. 93, 277 A.2d 821 (1971); *Preferred Risk Mut. Ins. Co. v. Martin*, 436 Pa. 374, 260

---

**1.** The parties' insurance contract provided for arbitration as follows:
ARBITRATION—
Disagreement over the legal right to recover damages or the amount of damages will be settled by arbitration.
After written demand for arbitration by either party, each party will select an arbitrator. These two will select a third. If no selection is made within 30 days, either party can request the selection be made by a court having jurisdiction.
Unless the parties agree otherwise, the arbitration will take place in the county and state where you live, and will follow the local rules of procedure and evidence. In all other respects, any arbitration will follow the provisions of the Arbitration Act of the jurisdiction where the arbitration takes place. If no Arbitration Act exists, the common law of arbitration in the jurisdiction will apply.

A.2d 804 (1970), cert. den., 398 U.S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 65 (1970). Where parties enter into an arms-length contract and choose arbitration as the forum for disputes, they are bound by the arbitration award and courts are not available for review. *Pennsylvania General Ins. Co. v. Barr*, 435 Pa. 456, 257 A.2d 550 (1969); *Allstate Ins. Co. v. Taylor*, 434 Pa. 21, 252 A.2d 618 (1969).

■ Nevertheless, certain errors committed by the arbitrators justify judicial review and reversal. Where the contract for insurance does not specify whether statutory or common law arbitration is controlling and where the parties neither expressly nor impliedly agree subsequent to executing the contract that statutory arbitration applies, common law rules of arbitration apply. In that case, the vacating of a common law arbitration award is proper only where there was a "denial of a hearing or fraud, misconduct, corruption, or similar irregularity leading to an unjust, inequitable, or unconscionable award." *Runewicz v. Keystone Ins. Co.*, 476 Pa. 456, 461, 383 A.2d 189, 192 (1978); *Harwitz v. Adams*, 406 Pa. 539, 178 A.2d 617 (1962). On the other hand, where statutory arbitration is expressly provided for in the uninsured motorist provisions of the contract or the parties submit their dispute to statutory arbitration regardless of the contract provisions, the scope of review is somewhat broader than review of common law arbitration awards. This Court in *Webb v. United Services Auto. Assoc.*, 227 Pa.Super. 508, 323 A.2d 737 (1974), examined several decisions concerning judicial review of statutory arbitration of disputes arising under uninsured motorist clauses and adopted the following rule:

..... the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable. *Id.*, 227 Pa.Superior Ct. at 516, 323 A.2d at 741.

This Court, in companion cases, has recently held that an insured's claim that "uninsured" motorists include "under-

insured" motorists is an attack on the uninsured motorist provisions of a motor vehicle insurance contract for being "contrary to a constitutional, legislative, or administrative mandate." *White v. Concord Mut. Ins. Co.*, 296 Pa.Super. 171, 442 A.2d 713 (1982), aff'd. 500 Pa. 103, 454 A.2d 982 (1982); *Davis v. Government Employees Ins. Co.*, 296 Pa.Super. 198, 442 A.2d 727 (1982), aff'd. 500 Pa. 84, 454 A.2d 973 (1982).

A second standard of statutory arbitration, or perhaps a rephrasing of the aforementioned statutory arbitration standard of review, is provided by the Pennsylvania Arbitration Act, Act of October 5, 1980, P.L. 693, NO. 142, § 501, 42 Pa.C.S.A. § 7301 et seq. Section 7302 of that Act provides, in pertinent part:

§ 7302. Scope of subchapter

(a) General rule.—An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

. . . . .

(d) Special application.—

(1) Paragraph (2) shall be applicable where:

(i) The Commonwealth government submits a controversy with an employee or a representative of employees to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) *Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.* (Emphasis added).

(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this sub-

chapter, modify or correct the award *where the award is contrary to law* and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict. (Emphasis added).

The insurance contract in the instant matter provided for statutory arbitration to "follow the provisions of the Arbitration Act of the jurisdiction where the arbitration takes place." Accordingly, the Pennsylvania Arbitration Act and its "contrary-to-law" standard of review is applicable. Where an award is issued due to the arbitrators' misapplication of the law, said award must be vacated. *Ragin v. Royal Globe Ins. Co.*, 315 Pa.Super. 179, 461 A.2d 856 (1983).

Owners of motor vehicles in Pennsylvania are required to insure their motor vehicles for the payment of basic loss benefits and the payment of sums in a minimum amount of $30,000.00, which the owner may be liable to pay due to bodily injury or death resulting from any one accident. A further minimum amount of $15,000.00 for the bodily injury or death of any one person is required also. 40 Pa.S.A. § 1009.104(a). It is undisputed that Stewart's single-limit, fifty thousand dollar policy surpassed the minimum amount of coverage required by law.

A motorist who insures his motor vehicle in compliance with Pennsylvania law is not an uninsured motorist under 40 Pa.S.A. § 2000(a). This Court has refused to equate "uninsured" motorists with "underinsured" motorists; consequently, an insured is precluded from obtaining compensation from the uninsured motorist's provisions of his insurance contract where the tortfeasor's insurance coverage was insufficient to completely redress the injury. *White v. Concord Mut. Ins. Co.*, supra; *Ragin v. Royal Globe Ins. Co.*, supra.

Appellant's failure to object to the submission of a dispute to the arbitration panel is not material. The Pennsylvania Supreme Court, in *Runewicz v. Keystone Ins. Co.*,

supra, applied the common law rules of arbitration due to the fact that the parties did not identify, either in a written agreement to arbitrate or in a subsequent oral agreement, whether common law or statutory arbitration controlled. In that case, common law arbitration applied and the scope of review was limited to the narrow standard defined in *Harwitz v. Adams,* supra. The insurance company in *Runewicz v. Keystone Ins. Co.,* supra, proceeded to arbitration without objecting that the dispute was not in the proper forum; consequently, it was barred on appeal from arguing for the application of any standard of review other than the standard applicable to common law arbitration appeals. Here, the matter was brought before a statutory arbitration panel as set forth in the parties' contract of insurance. Appellant's failure to object to statutory arbitration does not automatically impose a common law arbitration standard of review. Such an interpretation would stretch *Runewicz v. Keystone Ins. Co.,* supra, beyond its logical restraints. At most, appellant's failure to object to statutory arbitration means only that he is bound by the statutory arbitration standard of review.

Order reversed.