**Arthur J. LaCOURSE, on behalf of the Estate of Peter LaCOURSE, Deceased, Appellee,**

*v.*

**FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant.**

**No. 84–1285.**

United States Court of Appeals, Third Circuit.

Argued Jan. 14, 1985.

Decided March 4, 1985.

Rehearing Denied April 5, 1985.

As Amended April 5, 1985.

---

Roger J. Harrington (argued), O'Brien & O'Brien Associates, Philadelphia, Pa., for appellant.

Lawrence J. Fox (argued), Sharon L. Klingelsmith, Drinker Biddle & Reath, Philadelphia, Pa., for appellee.

Before ADAMS and WEIS, Circuit Judges, and HARRIS, District Judge.*

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this case the district court concluded that the words "amount of damages" contained in an automobile insurance policy's arbitration clause require its application to a dispute about policy limits. We come to the opposite conclusion and vacate an order in favor of the insured. Because other issues remain, we will remand for further proceedings.

In response to the plaintiff insured's request for injunctive relief, the district court

* The Honorable Oren Harris, United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

granted summary judgment and directed the defendant carrier to arbitrate the uninsured motorist coverage claim. Defendant appealed.

The plaintiff's decedent and two other persons were killed in an automobile collision in May 1981 while riding in a car owned by A.J. LaCourse, Inc. The vehicle was covered under a fleet policy issued by defendant Firemen's Fund Insurance Company. After plaintiff filed an uninsured motorist claim, defendant conceded that benefits were payable but insisted that the total amount due, inclusive of all three claims, was set by the policy limit of $30,000. Plaintiff asserts that the carrier's liability is measured not by the limits applicable to a single automobile but by the total for all vehicles covered under the policy, a concept generally referred to as "stacking."

When the parties were unable to agree on a settlement, plaintiff demanded that the matter be submitted to arbitration. Defendant refused, arguing that coverage stacking was not an arbitrable issue. The policy provides that "if we and an insured disagree, whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or we do not agree as to the amount of damages, either party may make a written demand for arbitration."

Plaintiff commenced this action to compel defendant to arbitrate the dispute. The district court, in granting the plaintiff's request for an injunction, reasoned that "whether or not the insured may stack indisputably affects the amount of damages recoverable [because] . . . the stacking and damage issues are one and the same." The district judge noted that the Pennsylvania Supreme Court had characterized the stacking issue as one of law reviewable on appeal, and concluded that similar judicial review would be available after arbitration in this case.

■ Pennsylvania law, which applies in this diversity case, generally favors arbitration, but absent an agreement, the parties cannot be compelled to arbitrate any issue. "Arbitration agreements are to be strictly construed and . . . such agreements should not be extended by implication. . . . When the parties agree to arbitrate in a clear and reasonable manner, then every reasonable effort will be made to favor such agreements." *Emmaus Municipal Authority v. Eltz*, 416 Pa. 123, 124, 204 A.2d 926, 927 (1964).

■ A party who can establish that the agreement to arbitrate was limited in scope and did not embrace the dispute in issue may be entitled to enjoin an arbitration proceeding. *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975). Whether a dispute is within the terms of an arbitration agreement is for the court to determine. *Hassler v. Columbia Gas Transmission Corp.*, 318 Pa.Super. 302, 464 A.2d 1354 (1983). *See also Safeco Ins. Co. of America v. Wetherill*, 622 F.2d 685 (3d Cir.1980); *Hussey Metal Division v. Lectromelt Furnace Division*, 471 F.2d 556 (3d Cir.1973).

A review of the decisional law reveals that although Pennsylvania looks favorably on arbitration of commercial disputes, its policy is not as strong or pervasive as the federal one in favor of arbitration of labor disputes. *See United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

Pennsylvania recognizes both common law and statutory arbitration. The distinction is significant because it determines the scope of judicial review. Statutory arbitration is governed by the Act of 1980, 42 Pa.Cons.Stat. §§ 7301–7362 (Purdon 1983), which replaces the earlier Act of 1927, 5 P.S. §§ 161–179 (1967). The current statute provides for judicial review of an arbitrator's error of law in instances where: (1) the state is a party, (2) a public subdivision has a labor dispute with employees, or (3) the parties are compelled by law to arbi-

trate. Despite this wording, some question remains whether state courts will nevertheless provide broad judicial review of a legal issue as they did under the Act of 1927. *See Wingate Constr. Co. v. Schweizer Dipple, Inc.*, 419 Pa. 74, 213 A.2d 275 (1965); *Harwitz v. Adams*, 406 Pa. 539, 178 A.2d 617 (1962).

The Pennsylvania Superior Court has applied the criterion of the 1927 Act to the new statute. *See Haegele v. Pennsylvania General Ins. Co.*, 330 Pa.Super. 481, 479 A.2d 1005 (1984), *Bromley v. Erie Ins. Group*, 322 Pa.Super. 542, 469 A.2d 1124 (1983); *Ragin v. Royal Globe Ins. Co.*, 315 Pa.Super. 179, 461 A.2d 856 (1983). *Cf. McDonald v. Keystone Ins. Co.*, 313 Pa.Super. 404, 408 n. 4, 459 A.2d 1292, 1294 n. 4 (1983) (noting difference in standard of review between 1927 and 1980 Acts). The Pennsylvania Supreme Court has not yet passed on the standard of review in such cases. *Cf. Pennsylvania State Educ. Assoc. v. Appalachia Intermediate Unit 08*, 505 Pa. 1, 476 A.2d 360 (1984) (labor dispute within governmental subdivision).

In any event, it appears from the record that the procedure at issue here would be common law arbitration and hence subject to limited judicial review. This was the position advanced by the insurance company at oral argument in this court.

█ In common law arbitration, a court may correct an award only if it can be shown that a hearing was denied or that fraud, misconduct, corruption, or a similar irregularity lead to an unjust, inequitable, or unconscionable award. *Runewicz v. Keystone Ins. Co.*, 476 Pa. 456, 383 A.2d 189 (1978). The district court, therefore, misapprehended the protection afforded the parties from "capricious rulings" of arbitrators. Because the parties in this case agreed to be bound by common law rules of arbitration, an arbitrator's mere misapplication of the law is not correctable on appeal. *See* 42 Pa.Cons.Stat. § 7341 (Purdon 1983); *Runewicz v. Keystone Ins. Co.*, 476 Pa. 456, 383 A.3d 189 (1978); *Gentile v. Weiss*, 328 Pa.Super. 475, 477 A.2d

544 (1984); *Cargill v. Northwestern Nat. Ins. Co.*, 316 Pa.Super. 139, 462 A.2d 833 (1983).

The district court's error on this point is understandable because, shortly before it filed its opinion, the Supreme Court of Pennsylvania decided the case of *Utica Mut. Ins. Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984), which discussed facts similar to those in the case at bar. In *Utica*, the court held that the "question of stacking coverages is clearly one of law" and that under the Arbitration Act of 1927, was subject to judicial review.[1] The court also noted that one who is not a named insured or a specified relative, as listed in a fleet policy, is not entitled to multiple coverage.

As we have noted, the case at hand is not statutory, but common law arbitration with its restrictive scope of judicial review. Thus, although it may be that the state supreme court has construed the policy language in a manner consistent with the insurance company's contentions, a contrary ruling by the arbitrators would not be reviewable as an error of law by the courts. The possibility of relief from capricious rulings by arbitrators to which the district court referred does not exist on this record.

█ Parties may agree to final binding arbitration on questions of law as well as fact. *See Gasparini Excavating Co. v. Pennsylvania Turnpike Comm'n*, 409 Pa. 465, 187 A.2d 157 (1963); *Shannon v. Pennsylvania Edison Co.*, 364 Pa. 379, 72 A.2d 564 (1950). But when applying the Pennsylvania rules of construction, if there is doubt as to the submission of an issue, it would appear that when the question is one of law that factor would tend to point toward exclusion. That, however, is not the determining factor here.

The plain language of the policy leads to the conclusion that the question of interpretation presented here is not arbitrable. As we have noted on an earlier occasion, "A court should read policy provisions to avoid ambiguities, if possible, and not torture language to create them." *St. Paul*

1. To the same effect, *see State Farm Mut. Auto. Ins. Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978); *Rosato v. Harleysville Mut. Ins. Co.*, 328 Pa.Super. 278, 476 A.2d 1328 (1984); *Providence Washington Ins. Co. v. Rosato*, 328 Pa.Super. 290, 476 A.2d 1334 (1984); *Novoseler v. Royal Globe Ins. Co.*, 317 Pa.Super. 217, 463 A.2d 1163 (1983).

*Fire & Marine Ins. Co. v. United States Fire Ins. Co.*, 655 F.2d 521, 524 (3d Cir. 1981). That comment is particularly apt in construing policy language which uses simple English rather than the arcane phraseology employed by carriers for many years. That shift to plain language was delayed because of the insurers' reluctance to change wording which had received judicial interpretation and to which the companies had made appropriate adjustments. It would discourage the use of understandable language in insurance policies if we resorted to the convoluted reasoning appropriate to the older forms to distort the meaning of the present clauses.

■ Using the ordinary meaning of the words at issue here, the resolution of the issue is not complex. The policy requires arbitration when the parties "do not agree on the amount of damages." In this case, the amount of damages is the monetary loss sustained by the estate of the decedent and his family under appropriate principles of state law. That amount is not measured by or restricted in any way by the policy limits. It is a factual matter completely independent of the actual amount of insurance provided by the policy. For example, a jury verdict on the amount of damages is generally determined without any knowledge of or reference to whether the defendant is insured.

The arbitration clause does not restrict the words, "amount of damages" to policy limits, or by any other fixed amount. The disputed term is not modified by any language such as "payable" or "for which it is liable under the policy." [2]

The "stacking" question, as the Pennsylvania courts have held, is a question of law and is not affected by the amount of damages an insured may have sustained. A determination of whether stacking is permissible under a policy can be resolved without determining the actual loss sustained by a claimant—whether the amount of damages is large or small does not change the legal interpretation of the contractual provisions. *See Utica Mut. Ins. Co. v. Constrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984).

Although stacking may affect the amount of damages recoverable from the insurance carrier, it does not control the amount of damages actually sustained. Stacking and the amount of damages are simply not one and the same. In *Hassler v. Columbia Gas Transmission Corp.*, 318 Pa.Super. 302, 464 A.2d 1354 (1983), the state court had no difficulty in concluding that an agreement to arbitrate damages to crops and fences did not include the loss of a cow. Although facially the issues here may not appear to be as clearly distinct, we conclude on reflection that they are so in fact.

Accordingly, the judgment in favor of plaintiff will be vacated. Because of the ruling on the arbitration clause, other issues that were raised in the district court were not addressed. Therefore, we will remand for further proceedings consistent with this opinion.[3]

---

**2.** Contrast the language in the arbitration clause here with that in *Safeco Ins. Co. v. Wetherill*, 622 F.2d at 686, which referred to a dispute where the parties "do not agree as to the amount of payment which may be owing under this section."

**3.** For example, we do not decide the "stacking issue" on this record. The district court should decide that question in the first instance. Moreover, if the "amount of damages" becomes material, that factual matter is to be decided by arbitration. *See Hassler v. Columbia Gas Transmission Corp.*