## Lumbermen's Mutual Casualty Co. v. Shawley

*Timothy D. Applebe,* for plaintiff.
*Robert W. King,* for defendant.

ACKERMAN, *J.,* July 8, 1985—In this action plaintiff Lumbermen's Mutual Casualty Company seeks a declaratory judgment which would block

defendants' claim for arbitration under the uninsured motorists provision of plaintiff's insurance policy. Plaintiff asks our court to intervene to prevent arbitration of the issue because of bad faith on the part of claimants. We decline plaintiff's request to interfere with the arbitration process.

This matter arose out of an automobile accident in which a vehicle operated by David Hostetler and containing Robert Shawley as a passenger left the roadway and struck a utility pole. Mr. Shawley was injured and sued Mr. Hostetler for damages. Depositions of both men were taken in the course of that suit. Mr. Hostetler stated in his deposition that a phantom vehicle had run him off the road. When Mr. Shawley was deposed, he denied the existence of any other vehicle which might have caused the accident. Mr. Shawley's suit against Mr. Hostetler was settled.

Now Shawley and his wife have filed an uninsured motorists' claim against plaintiff, their insurance carrier, contending, contrary to Mr. Shawley's earlier assertion in his deposition, that an unidentified and hence uninsured motorist was the cause of the accident.

Plaintiff asserts that Mr. Shawley's change in position is evidence of bad faith and asks us to prevent the arbitration of his claim.

It is well established that issues arising from uninsured motorist provisions in insurance policies containing an arbitration clause are within the exclusive jurisdiction of the arbitrators. Bromley v. Erie Insurance Group, 322 Pa. Super. 542, 469 A.2d 1124 (1983).

Plaintiff-carrier cites the dissenting opinion of Mr. Justice Pomeroy in Runewicz v. Keystone Insurance Company, 476 Pa. 456, 467, 383 A.2d 189, 194-95 (1978), and Ragin v. Royal Globe Insurance

Company, 315 Pa. Super. 179, 184, 461 A.2d 856, 858 (1983), as authority for the proposition that the courts will intervene in the arbitration process where there is evidence of palpable bad faith, legal ignorance or indifference to justice. These cases, however, deal with situations where there has been an arbitration award and a finding of bad faith, et cetera, on the part of the arbitrator. There is no authority or reason for the courts to pass on the good faith of the claimant since obviously the arbitrator is in an equal position to make such a determination. We believe that it would be foolhardy to initiate a precedent which would have the courts pass on a claimant's good faith before claims could be arbitrated.

Accordingly, plaintiff's complaint for declaratory judgment will be dismissed.

## ORDER OF COURT

And now, this July 8, 1985, plaintiff's complaint for declaratory judgment is hereby dismissed so that the matter may be resolved through the arbitration process.