496 A.2d 1233

**Raymond MARTIN, personal representative of the Estate of Patti A. Martin, deceased, Appellant,**

**v.**

**STATE AUTOMOBILE INSURANCE ASSOCIATION.**

Superior Court of Pennsylvania.

Argued March 27, 1985.

Filed Aug. 9, 1985.

----

Paul D. Kruper, Pittsburgh, for appellant.

Alan H. Perer, Pittsburgh, for appellee.

Before DEL SOLE, MONTGOMERY and BUCHER *, JJ.

* The Honorable Wilson Bucher of the Court of Common Pleas of Lancaster County, is sitting by designation.

DEL SOLE, Judge:

This appeal was taken following the entry of a trial court order which denied Appellant's petition to Modify, Correct, or Vacate an Award of Arbitrators, and granted the petition of State Automobile Insurance Association (State Auto) to Confirm the arbitration award. Based upon the limited scope of review provided for this action under the provisions of Statutory Arbitration, 42 Pa.C.S.A. § 7301, *et seq.*, we affirm.

The unique facts of this case are as follows: On or about May 6, 1981, State Auto issued a policy of insurance to Appellant's decedent. This original policy, and the original Declaration Sheet contained no language relating to underinsured motorist coverage. Periodically, State Auto would renew the decedent's insurance policy through the issuance of Declaration Sheets, which would set forth the applicable coverages and limits of liability. The Declaration Sheet for the period of January 6, 1983 through May 6, 1983 included "Underinsured Motorist" coverage with a limit of liability of $30,000 per accident. It appears that this coverage was included on the Declaration Sheet due to a computer malfunction, and no separate premium was charged for the coverage. In addition, State Auto's standard endorsement for underinsured motorist coverage was not included with the Declaration Sheet, and it was neither forwarded to, nor received by the decedent.

The endorsement defined an underinsured motor vehicle as one to which, "a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this [underinsured motorist] coverage." The policy limit for liability coverage under decedent's policy was $35,000 or $5,000 in excess of the limit for underinsured motorist coverage shown on the Declaration Sheet.

On March 27, 1983, during the period covered by the above described Declaration Sheet, the decedent was killed while riding as a passenger in her own car. Thereafter, Appellant retained counsel who contacted State Auto. Mr.

Robert C. Egley, a claims supervisor for State Auto, responded with a letter dated June 14, 1983, outlining State Auto's position with regard to the underinsured motorist coverage.

Subsequently, the parties entered into a separate agreement providing that the matter be submitted to arbitration "governed by the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 *et seq.*" A hearing was held and two of the three arbitrators found in favor of State Auto accepting the carriers position that: 1) decedents vehicle was not an "underinsured motor vehicle" as that term is defined in the endorsement; and 2) the letter of June 14, 1983 did not constitute an agreement by State Auto to provide coverage without applying any of the provisions of the endorsement.

Appellant then petitioned to have the award modified, corrected or vacated, and State Auto petitioned to have the award confirmed. An order was entered denying Appellant's petition, and granting State Farm's petition to confirm the award. An appeal was then timely filed by Appellant pursuant to 42 Pa.C.S.A. § 7320(a)(3).

■ We initially note that this case is governed by the provisions of statutory arbitration outlined in the Uniform Arbitration Act (the Act), 42 Pa.C.S.A. § 7301 *et seq.* An agreement to arbitrate a controversy comes under this subchapter when "the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to [the] subchapter." 42 Pa.C.S.A. § 7302(a). The record in this case contains such a written agreement which specifically provides that this matter is to be governed by the Pennsylvania Uniform Arbitration Act.

Appellant contends in this appeal that the court erred by refusing to vacate or modify the arbitrators award since the arbitrators applied the provisions of the endorsement, and since the arbitrators did not find the June 14, 1983 letter to constitute an agreement by State Auto to provide coverage regardless of the provisions found in the endorsement.

■ The Act outlines the instances where it is appropriate to vacate, modify, or correct an arbitration award. A court may properly modify or correct an award only where:

(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) the award is deficient in a matter of form, not affecting the merits of the controversy.

42 Pa.C.S.A. § 7315(a).

These three situations are very limited and clearly do not cover the type of errors which Appellant claims were made by the arbitrators.

It should be noted that under prior law, it was expressly provided that a court should modify or correct an award, "where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict". Act of 1927, April 25, P.L. 381, No. 248, § 11 (5 P.S. § 171(d)). No similar provision was included in Section 7315 of the Uniform Arbitration Act, which lists the three instances when the court may modify or correct an award. *See:* Act of 1980, Oct. 5, P.L. 693, No. 142 § 501(a), effective in 60 days, (42 Pa.C.S.A. § 7315).

The Act also describes five situations in which court shall vacate an award:

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7241 (relating to common law arbitration) if this subchapter were not applicable.

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S.A. § 7314(a)

It can be readily seen that subsections (ii)–(v) do not apply to the case at hand. A closer look at subsection (i) reveals that this ground for vacating an award is also inapplicable. Subsection (i) enables the court to vacate an award for the reasons deemed appropriate in Common Law Arbitration, as found in 42 Pa.C.S.A. § 7421. In Common Law Arbitration an award may not be vacated or modified "unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award". 42 Pa.C.S.A. § 7341. Appellant does not claim that he was denied a hearing, nor does he claim that the award was based upon fraud, misconduct, corruption or a similar irregularity. In *Mellon v. Travelers Ins. Co.*, 267 Pa.Super. 191, 406 A.2d 759 (1979) it was pointed out that an "irregularity" will not be found simply upon showing that an incorrect result was reached.

Further support for the position that this award cannot be vacated for the reasons raised by Appellant, is found in 42 Pa.C.S.A. § 7314(a)(2). It provides: "the fact that the relief awarded by the arbitrators was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award".

The Act does, however, permit in limited situations an award to be modified or corrected notwithstanding the provisions of Sections 7314 and 7315. Where the award is contrary to law, and is such that had it been a verdict of a jury the court would have entered a different judgment, or judgment NOV, it may be modified or corrected if any of the following are applicable:

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) Any person has been required by law to submit or agree to submit a controversy to arbitration pursuant to this subchapter.

42 Pa.C.S.A. § 7302(d)(1) & (2).

The above standard of review would also apply if the agreement to arbitrate was made prior to the effective date of the Act and stated that it is governed by statutory arbitration, or if the agreement expressly provided for arbitration pursuant to the former provisions of the Act of 1927. *See:* Section 501(b) of Act of 1980, Oct. 5 P.L. 693, No. 142; *Ragin v. Royal Globe Ins. Co.*, 315 Pa.Super. 179, 461 A.2d 856 (1983).

The facts of this case do not permit us to apply the above standard of review, and modify the award if an error of law is discovered, because none of the situations described in the Act is present.

The legislature set forth in the Act the precise instances when an award may be modified, corrected or vacated. It also enumerated the limited circumstances in which a reviewing court can modify or correct an award due to an error of law. Appellant herein agreed to submit his controversy to arbitrators, and specifically agreed that the matter would be governed by the provisions of the Uniform Arbitration Act. By so choosing, Appellant is now bound by the terms of the Act and the standard of review which it provides. Regardless of whether this Court would have

reached a different result than the arbitrators, absent grounds to modify, correct or vacate the award as provided in the Act, we have no alternative but to affirm the trial court's order.

Order affirmed.