518 A.2d 311

**Allen D. HOUSTON**

v.

**NATIONAL MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1986.

Filed Dec. 4, 1986.

Joseph A. Whip, Jr., Norristown, for appellant.

Bernard V. DiGiacomo, Norristown, for appellee.

Before McEWEN, DEL SOLE and TAMILIA, JJ.

DEL SOLE, Judge:

This is an appeal from the judgment which resulted from an order denying appellant's petition to vacate or modify an arbitration award. We affirm.

On February 23, 1985 appellee was involved in an automobile accident in which he sustained injuries. He accepted $15,000 from Northland Insurance Company which represented the limits of a policy carried by the operator of the other vehicle involved in the accident.

Pursuant to his own policy with appellant Nationwide Mutual Insurance Company, appellee filed an underinsured motorist claim. The Nationwide policy provides for underinsured benefits in the amount of $25,000 per person for

each of two automobiles, for a total of $50,000.[1] The policy additionally provides that, "[a]ny damages payable to or for the insured under this coverage will be reduced by any sums paid by or for any liable parties." Unable to agree on either the amount of damages suffered or whether the amount received from Northland should be offset against the amount of damages suffered or offset against Nationwide's liability, appellee filed a petition to compel arbitration. The Nationwide policy provides for arbitration in accordance with the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 *et. seq.*, "[i]f we and the insured do not agree about the insured's right to recover damages or the amount of damages...."

The arbitrators determined appellee suffered $60,000 in damages. Furthermore, it was held that the $15,000 received from Northland must be deducted from the $60,000 damages suffered and not the liability of Nationwide.

Nationwide filed a petition to vacate or modify the award. The trial court dismissed the petition and this appeal ensued.

On appeal, it is contended,

1. the court erred in denying the petition as the arbitration panel exceeded its authority in deciding that the setoff provision in the policy is void, and

2. the court erred in denying the petition as the offset provision is not void.

We note:

that this case is governed by the provisions of statutory arbitration outlined in the Uniform Arbitration Act (the Act). 42 Pa.C.S.A. § 7301 *et seq.* An agreement to arbitrate a controversy comes under this subchapter when 'the agreement is in writing and expressly provides

---

**1.** Although our courts have held that underinsurance motorist benefits cannot be stacked, *see Pirches v. General Accident Ins. Co.,* 354 Pa.Super. 303, 311 n. 2, 511 A.2d 1349, 1353 n. 2 (1986), the parties have stipulated that the benefits may be stacked and that issue is not before us.

for arbitration pursuant to [the] subchapter.' 42 Pa.C. S.A. § 7302(a).

*Martin State Auto. Ins. Ass'n.*, 344 Pa.Super. 531, 534, 496 A.2d 1233, 1235 (1985).

A court may properly modify or correct an award only where:

(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) the award is deficient in a matter of form, not affecting the merits of the controversy.

42 Pa.C.S.A. § 7315(a).

*Martin v. State Auto. Ins. Ass'n.*, 344 Pa.Super. at 535, 496 A.2d at 1235.

Clearly, appellant has not alleged the type of errors for which the Act permits a court to modify an arbitrators award.

However, "42 Pa.C.S. § 7314 provides that the court shall vacate an arbitrator's award upon application of a party where: (a)(1)(iii) arbitrators exceeded their powers." *Ostroff v. Keystone Ins. Co.*, 357 Pa.Super. 109, 515 A.2d 584 (1986). Here, the arbitrators are said to have exceeded their powers by deciding that the offset provision in the policy was void as against public policy. We have reviewed the Opinion and Award of the Board of Arbitrators and contrary to appellants assertion nowhere is it stated that the offset provision is void. Indeed, the provision was specifically applied. While appellants have attempted on appeal to characterize this as a situation where arbitrators exceeded their powers, the essence of their claim is that the arbitrators did not interpret the offset provision correctly. This distinction is critical. Our Supreme Court has stated:

[h]ere we do not have a contract in which each term was bargained for. Rather, as with most insurance policies,

the terms of the policies at issue here were written by the respective companies. Under such circumstances, where a contract exists without a history of bargaining over the terms, the construction of the individual terms of that contract is a question of law.

*Utica Mut. Ins. Co., v. Contrisciane*, 504 Pa. 328, 334, 473 A.2d 1005, 1008 (1984).

The interpretation of the offset provision is a question of law. While the Act, as already stated, provides that the court shall vacate an award when the arbitrators exceed their powers, the legislature has also set forth in the Act "the limited circumstances in which a reviewing court can modify or correct an award due to an error of law." *Martin v. State Auto. Ins. Ass'n.*, 344 Pa.Super. at 537, 496 A.2d at 1236.

Where the award is contrary to law, and is such that had it been a verdict of a jury the court would have entered a different judgment, or judgment NOV, it may be modified or corrected if any of the following are applicable:

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) Any person has been required by law to submit or agree to submit a controversy to arbitration pursuant to this subchapter. 42 Pa.C.S.A. § 7302(d)(1) & (2).

*Martin v. State Auto. Ins. Ass'n.*, 344 Pa.Super. at 537, 496 A.2d at 1236.

We are unable to review an alleged error of law because none of the enumerated limited circumstances set forth in the Act permitting this standard of review is present. Therefore, we affirm the trial court's order denying appellant's petition to vacate or modify the arbitrator's award.

Order Affirmed.

TAMILIA, J., concurs in the result.