454 A.2d 982

**Frank WHITE, Jr., Appellant,**

v.

**CONCORD MUTUAL INSURANCE COMPANY and Commercial Union Insurance Company.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1982.

Decided Dec. 30, 1982.

**10.** 31 Pa.Code § 63.2.

104

Edwin P. Smith and James J. McCabe, Philadelphia, for appellant.

Richard C. Angino, Harrisburg, William V. Coleman, Philadelphia, William H. Pugh, IV, Norristown, Andrew L. Braunfield and Joseph Hankins, Philadelphia, for appellee.

Charles T. Roessing, Philadelphia, for Pa. Def. Institute.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY and McDERMOTT, JJ.

## OPINION OF THE COURT

ROBERTS, Justice,

In *Davis v. Government Employees Ins. Co.*, 500 Pa. 84, 454 A.2d 973 (1982), we held that a party injured in an automobile accident may not recover under the uninsured motorist provision of his own insurance policy where the responsible party has maintained liability insurance in at least the minimum amount required by Pennsylvania's financial responsibility law. The question presented in this case is whether recovery should be permitted pursuant to an uninsured motorist clause where the responsible party has

the statutory minimum amount of liability insurance but where the claimant recovers less than that amount because of multiple claims against the responsible party's insurance.

In *Davis,* we concluded that the plain meaning of the term "uninsured" forecloses the claim that a motorist who has a policy of liability insurance meeting the statutory requirements is "uninsured." Here, although the responsible party was unable to pay the claimant the amount that he would have received had there been two or fewer claimants, the fact remains that, as in *Davis,* the responsible party had a policy of liability insurance which met statutory requirements. In light of the plain meaning of the term "uninsured," we conclude that the Legislature did not intend that the "uninsured" status of the responsible party should vary according to whether the injured party is able to recover the statutory minimum amount. As we stated in *Davis,* "[our] Legislature has chosen not to require insurance coverage for those instances in which a tortfeasor's insurance is insufficient to satisfy the injured party's claims.... [T]his Court may not enlarge the scope of the plain meaning of the Uninsured Motorist Law to circumvent the Legislature's judgment."

Order of the Superior Court affirmed.

HUTCHINSON, J., did not participate in the consideration or decision of this case.

LARSEN, J., files a dissenting opinion in which FLAHERTY, J., joins.

LARSEN, Justice, dissenting.

For the reasons set forth in my dissenting opinion in *Davis v. Government Employees Insurance Company,* 500 Pa. 84, 454 A.2d 973 (1982), I dissent.

FLAHERTY, J., joins in this dissenting opinion.