497 A.2d 254

**Robert COTTON and Betty Noland, Appellants,**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

Superior Court of Pennsylvania.

Argued March 11, 1985.

Filed Aug. 16, 1985.

Anton H. Rosenthal, Philadelphia, for appellants.

David M. McCormick, Philadelphia, for appellee.

Before SPAETH, President Judge, and JOHNSON AND SHOYER *, JJ.

SPAETH, President Judge:

This appeal is from an order granting summary judgment. Appellants were uninsured passengers in an uninsured motor vehicle when it collided with an insured motor vehicle. Upon application to the Pennsylvania Assigned Claims Plan, appellee was designated appellants' assigned obligor. Subsequently, without appellee's knowledge, appellants entered into a settlement agreement with the driver of the insured vehicle. The trial court held that under the Uninsured Motorist Act, 40 P.S. § 2000(e)(2), appellants' settlement precluded their recovery of uninsured motorist benefits from appellee. We agree, and therefore affirm.

■ The Uninsured Motorist Act provides in part:

(e) The coverage required by this section does not apply:

. . . .

(2) To bodily injury sustained by the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor.

40 P.S. § 2000(e)(2).

Appellants were to have received uninsured motorist benefits from appellee. Thus appellee was to have provided "[t]he coverage required by this section." It is undisputed that appellants entered into a settlement with an insured driver, *i.e.*, with a "person who may [have been] legally liable" for the "bodily injur[ies] sustained by the in-

---

* The Honorable Kendall H. SHOYER, Senior Judge of the Court of Common Pleas of Philadelphia County is sitting by designation.

sured[s]." The conclusion is therefore inescapable that appellants' settlement precluded them from receiving "[t]he coverage required by [the Uninsured Motorist Act]." *See* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under pretext of pursuing its spirit."). *See also In re Fox's Estate,* 494 Pa. 584, 431 A.2d 1008 (1981); *Salvado v. Prudential Property and Casualty Insurance Co.,* 287 Pa.Super. 304, 430 A.2d 297 (1981).

Appellants argue that despite the plain words of the statute, they are entitled to receive uninsured motorist coverage because, in their view, the statute is meant to preclude settlements with uninsured motorists only. Appellants reason that such an interpretation would not prejudice appellee's subrogation rights, and they rely upon cases that have held that only settlements with uninsured motorists are precluded.

In its opinion, the trial court, per DOTY, J., noted that the purpose of section 2000(e)(2) is to protect the subrogation rights of the insurer. We agree and are unable to understand appellants' argument that the construction they urge would not prejudice appellee. If appellee had paid appellants uninsured motorist benefits, it would then have been entitled to seek recovery of the amounts so paid from the drivers involved in the accident. In attempting that recovery it would no doubt have been confronted by the insured motorist's refusal to pay anything more on the ground that as a result of a joint tort-feasor release between him and appellants, he had been "forever discharge[d]" "from any and all actions, causes of action, claims, demands ...." arising out of the accident. While it is true that appellee might still have sued the uninsured motorist, we may assume that its chance of recovering from the uninsured motorist would be less than its chance of recovering from the insured motorist.

In its opinion the trial court analogizes to cases holding that breach of a contract clause precluding unauthorized settlements is tantamount to full recovery, *see Associated Hospital Service of Philadelphia v. Pustilnik,* 497 Pa. 221,

439 A.2d 1149 (1981); *Illinois Insurance Exchange v. Braun*, 280 Pa. 550, 124 A. 691 (1924), and cases holding that breach of such a clause is a material breach that ends the insurer's obligation, *Illinois Insurance Exchange v. Braun, supra; Bradford v. American Mutual Liability Insurance Co.*, 213 Pa.Super. 8, 245 A.2d 478 (1968); *Demmery v. National Union Fire Insurance Co.*, 210 Pa.Super. 193, 232 A.2d 21 (1967). While we find the reasoning of these cases instructive, they are not dispositive, for this case is governed by statute. Moreover, we have strictly construed against the insurer insurance policy provisions precluding coverage if a settlement is reached. *Shamey v. State Farm Mutual Automobile Insurance Company*, 229 Pa.Super. 215, 331 A.2d 498 (1974).

Appellants principally rely upon *Shamey v. State Farm Mutual Insurance Company, supra.* There, the plaintiffs' automobile, in the course of being driven up a slippery hill, was struck twice, first by an automobile driven by an insured driver and several moments later by an automobile driven by an uninsured driver. The plaintiffs' insurance policy, issued by the defendant, included uninsured motorist coverage. The policy excluded from coverage "bodily injuries" as to which the insured "without written consent of the company, [shall] make any settlement." The defendant paid $6,500 to the plaintiffs, requiring them to sign a release containing two inconsistent clauses. On the one hand, the release provided that it was in full settlement of any claim against the uninsured motorist. On the other, the plaintiffs agreed that they had not entered into any settlement with "any person ... legally liable for such bodily injuries ..." The plaintiffs had not cashed the defendant's check when, sometime later, they settled their claim against the insured motorist and his insurer for $4,500. The defendant then stopped payment on its check and the plaintiffs sued. The appeal was from an order granting summary judgment in favor of the defendant. In reversing, we noted that public policy factors favor providing protection to injured drivers. Noting that "any contract provision which seeks to avoid responsibility in an area in

which responsibility usually reposes should certainly be required to be clearly and unequivocally written," 229 Pa. Super. at 221, 331 A.2d at 501, we resolved the ambiguity in the settlement agreement in favor of the insureds, construing the release as precluding settlement only with the uninsured motorist.[1]

The Uninsured Motorist Act, unlike the release in *Shamey v. State Farm Mutual Insurance Company, supra,* is unambiguous. Appellants' reliance on *Shamey* is therefore misplaced. Moreover, we note that we have expressly disapproved the interpretation of Section 2000(e)(2) that appellants urge us to adopt. *Walls v. City of Pittsburgh,* 292 Pa.Super. 18, 436 A.2d 698 (1981), involved an interpretation of Section 2000(d), which provides in part:

In the event of payment to any person under the coverage required by this section, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against *any person or organization legally responsible* for the bodily injury for which payment is made, including the proceeds recoverable from the assets of the insolvent insurer.

40 P.S. 2000(d) (emphasis added).

1. Appellants also rely on a number of cases from other states to support their argument that Section 2000(e)(2) was meant to preclude settlement with uninsured drivers only. *American Motorists Insurance Company v. Thompson,* 253 Or. 76, 453 P.2d 164 (1969); *Alabama Farm Bureau Mutual Casualty Insurance Co. v. Clem,* 49 Ala. App. 457, 273 So.2d 218 (1973); *Harthcock v. State Farm Mutual Automobile Insurance Company,* 248 So.2d 456 (Miss.1971); *Lebs v. State Farm Mutual Insurance Company,* 568 S.W.2d 592 (Mo.App. 1978); *Craig v. Iowa Kemper Mutual Insurance Company,* 565 S.W.2d 716 (Mo.App.1978); *Government Employees Insurance Company v. Shara,* 137 N.J.Super. 142, 348 A.2d 212 (Ch. 1971). These cases, however, involved the interpretation of the uninsured motorist coverage provision of insurance policies and not the settlement and subrogation provisions of the uninsured motorist statutes. Moreover, the uninsured motorist statutes that governed the policies in these cases did not contain the liberal subrogation provisions contained in the Pennsylvania Uninsured Motorist Act. *See, e.g.,* Ala.Code § 32–7–23; Miss.Code Ann. § 8285–54; Mo.Ann.Stat. § 379.203; N.J.Stat.Ann. § 17:28–1.1; Or.Rev.Stat. § 736.317.

We reversed the trial court's denial of a petition to intervene filed by the plaintiff's insurer. The insurer had previously paid the plaintiff for her injuries and sought leave to intervene in plaintiff's settlement negotiations with the City of Pittsburgh, which the plaintiff had sued for negligent maintenance of a roadway. Noting that the purpose of Section 2000(d) is to protect the subrogation rights of the insurer, we declined to limit the insurer's subrogation right against "any person or organization legally responsible for the bodily injury" to uninsured parties only. In reaching this conclusion, we disapproved *Johnston v. Springfield Dodge, Inc.*, 5 Pa. D & C 3d 47, 65 Del.Co.Rptr. 191 (1978), which had read the Uninsured Motorist Act as precluding settlements only with uninsured parties, and on which appellants rely. (In citing *Johnston*, appellants state that it was *"over'd on other grounds."* Brief for Appellants at 16. Although the facts of *Walls* are different from the facts here, the principle involved is the same.)[2]

Affirmed.

**2.** Appellants dispute appellee's argument to the trial court that the Uninsured Motorist Act is in the nature of an implied contract with the claimant. Brief for Appellants at 14–16. Appellees contend that appellants have waived this issue. Brief for Appellee at 8–10. Given our disposition, on statutory grounds, we do not reach either of these arguments.