507 A.2d 420

**Joan McGINLEY & Anna McGinley, Maureen Milliken & Sharon Milliken a Minor By Her Parent & Natural Guardian Maureen Milliken & Maureen Milliken In Her Own Right, Appellants,**

**v.**

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1985.

Filed April 1, 1986.

140

Allen L. Feingold, Philadelphia, for appellants.

Thomas E. Butler, Jr., Philadelphia, for appellee.

Before WICKERSHAM, BECK and HOFFMAN, JJ.

WICKERSHAM, Judge:

In October of 1984, a petition was filed by Joan McGinley and others in the court of common pleas of Philadelphia for the appointment of an arbitrator. Petitioners alleged that they were involved in a motor vehicle accident on June 5, 1979 and sustained injuries. Further, that they were insured at the time by Allstate Insurance Company (hereinafter Allstate) under a named policy and that they desired arbitration of their claims pursuant to the uninsured motorist coverage of said policy. The petitioner named her choice of arbitrator. Allstate filed Preliminary Objections and a memorandum of law seeking dismissal. At the direction of the Honorable Thomas A. White, Allstate submitted a copy of their policy and various exhibits which included a letter from counsel for Allstate to counsel for petitioners dated September 20, 1982 indicating that Allstate had selected John J. Walsh, Esquire as their "choice of arbitrator." The petition had alleged that some of petitioners resided in Philadelphia County and some in New Jersey. Allstate, of

course, has an office and does business in Philadelphia County.

By Order of March 4, 1985 Judge White denied the petition and by Order of March 15, 1985 he denied a petition for reconsideration. This appeal timely followed with the following issue before us:

I. Did the lower Court err at law when it denied plaintiff's Petition to Appoint a Neutral Arbitrator following a showing of a valid contract of insurance between the parties with an agreement to arbitrate, and where plaintiffs made a prima facie showing that factual questions exist affecting the application or construction of the uninsured motorist clause, such issues being within the exclusive jurisdiction of the arbitrators?

Brief for Appellant at 2.

We reverse.

The arbitration clause of the policy in question provided as follows:

ARBITRATION

If we and a covered person do not agree:

1. Whether that person is legally entitled to recover damages under this Part or

2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the covered person lives. Local rules of laws as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the covered person is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

Allstate Insurance Policy at 10–11, R.R. at 59–60.

This matter is controlled by statute.[1]

§ 7304. Court Proceeding to compel or stay arbitration

(a) Compelling arbitration.—On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of an agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party. Otherwise, the application shall be denied.

\* \* \* \* \* \*

(e) No examination of merits.—An application for a court order to proceed with arbitration shall not be refused, nor shall an application to stay arbitration be granted, by the court on the ground that the controversy lacks merit or bona fides or on the ground that no fault or basis for the controversy sought to be arbitrated has been shown.

In *Cunningham v. Prudential*, 340 Pa.Super. 130, 489 A.2d 875 (1985), we said:

---

1. The Act of 1980, October 5, P.L. 693, No. 142, § 501(a), 42 Pa.C.S. § 7301 *et seq.*

This provision is clear. Uninsured motorist claims, if agreement cannot be reached by the parties, must be submitted to statutory arbitration. Recovery against Prudential cannot be had under its policy unless there has been (1) agreement or (2) arbitration. These are conditions precedent to each appellant's right to be compensated according to the uninsured motorist feature in Prudential's policy. Without prior compliance with one or the other, Prudential cannot be made to pay an uninsured motorist claim. In the instant case, the averments of the complaint disclose that there has been neither agreement nor arbitration with respect to appellants' claims.

"It is the policy of the law to favor the settlement of disputes by arbitration and to promote the swift and orderly disposition of claims." ... Therefore, "court proceedings should not be read into the agreement to arbitrate.... The arbitration clause ... indicates that the parties contemplated one method, and one method only, for the resolution of disputes under [the uninsured motorist coverage]. That method was arbitration and all such disputes [must] be so decided." *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 185, 236 A.2d 758, 760–761 (1968). Arbitration, it seems clear, is a condition precedent to recovery of uninsured motorist benefits under the policy of automobile insurance issued by Prudential....

If a party to an arbitration agreement refuses to submit a dispute to arbitration, a court will order the parties to proceed to arbitration. 42 Pa.C.S. § 7304(a).... When the parties have agreed to resolve all disputes by arbitration, arbitration is the procedure which must be followed.

*Id.*, 340 Pa.Superior Ct. at 134–135, 489 A.2d at 878 (citations omitted).

We reverse the order of the court below which dismissed the petition. We remand for proceedings consistent with this opinion. Jurisdiction is relinquished.