## METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY

v.

## John J. MALINOWSKI.

### Civ. A. No. 87–6409.

United States District Court, E.D. Pennsylvania.

Feb. 9, 1988.

Cecelia F. Wambold, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

Daniel M. Jaffe, Philadelphia, Pa., for defendant.

## ORDER

LUDWIG, District Judge.

AND NOW, this 9th day of February, 1988 defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted is denied. Fed. R.Civ.P. 12(b)(6).

Plaintiff insurance company sued for a declaration that the insurance policy limits on uninsured motorist benefits available to defendant, its insured, are $15,000 rather than $100,000 as claimed by defendant.[1] Jurisdiction is diversity. 28 U.S.C. § 1332.

Defendant's claim for insurance benefits arises from an accident on October 10, 1986 in which defendant's minor son, Gregory, was struck by an uninsured motorist. The insurance policy obligated Metropolitan to "pay bodily injury damages which ... [he] and any relative are legally entitled to collect from the owner or driver of an uninsured highway vehicle." The policy contains uninsured motorist coverage of $15,000 per person and $30,000 per accident. Defendant's coverage entitlement to $100,000 rests on sections 1731 and 1734 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 *et seq.* (Purdon Supp.1987), which require the minimum amount of such coverage to be equal to the policy's bodily injury liability coverage unless the insured in writing requests lower limits. Defendant's policy provides bodily injury liability protection of $100,000; defendant asserts that he did not request lower limits. Plaintiff's position is that the policy is a renewal of a policy that contained limits of $15,000/$30,000 and

---

1. Plaintiff's complaint also requests a declaration that defendant is not entitled to proceed with arbitration. The disposition of this motion moots that request.

that under section 1734 an insurer is authorized to maintain the same coverage as that available under an earlier policy unless the insured makes a written request for larger limits. Defendant, it says, did not so request.

Defendant moved to dismiss the complaint on the theory that under the policy the dispute as to coverage must be arbitrated. The policy states:

> Whether any person is legally entitled to collect damages and the amount to which such person is entitled will be determined by agreement between that person and us. Upon written request of either party, any disagreement will be settled by arbitration, in accordance with the provisions of the Uniform Arbitration Act of 1927.

■ Whether a particular dispute is arbitrable depends on the intent of the parties as expressed in the contractual provision on arbitration. *E.g., Allstate Ins. Co. v. Gammon,* 646 F.Supp. 55, 58 (E.D.Pa. 1986); *Ostroff v. Keystone Ins. Co.,* 357 Pa.Super. 109, 118, 515 A.2d 584, 589 (1986). Although Pennsylvania law encourages full use of contractual arbitration, only those issues comprehended by the parties' arbitrability agreement are subject to the exclusive jurisdiction of the arbitrators. A dispute is not arbitrable if it can be stated with "positive assurance" that the arbitration agreement was not meant to have included it. *Rocca v. Pennsylvania General Ins. Co.,* 358 Pa.Super. 67, 73, 516 A.2d 772, 775 (1986) (quoting *Wolf v. Baltimore,* 250 Pa.Super. 230, 234, 378 A.2d 911, 913 (1977)). *See Flightways Corp. v. Keystone Helicopter Corp.,* 459 Pa. 660, 663, 331 A.2d 184, 185 (1975) (party may resist arbitration of issue not embraced by agreement to arbitrate).

■ Here, the parties' dispute concerns the amount of coverage. However, the arbitration provision covers only questions of liability ("whether any person is legally entitled to collect damages") and the amount of the loss sustained ("amount to which such person is entitled") under the appropriate principles of state law. *LaCourse v. Firemen's Ins. Co.,* 756 F.2d 10, 12 (3d Cir.1985); *Myers v. State Farm Ins. Co.,* No. 86–5492, slip. op. at 9 (E.D.Pa. Dec. 31, 1986) [available on WESTLAW, 1987 WL 5201]. The purpose of such a clause "is to prevent an insurer, having issued an uninsured motorist endorsement, from being subjected to liability by virtue of judgments obtained in suits to which it is not a party." *Ostroff,* 357 Pa.Super. at 122–23, 515 A.2d at 591. So viewed, the clause does not extend to disputes in regard to coverage limits.

The arbitrability of the "amount to which such person is entitled" is not related to or measured or restricted by the policy limits provisions. The decision in *Travelers Ins. Co. v. Davis,* 490 F.2d 536 (3d Cir.1974) is inapt. There, the court affirmed a refusal to entertain a declaratory judgment action involving a coverage limits dispute that had been submitted to arbitration, finding the dispute to be "solely within the jurisdiction of the arbitrators." *Id.* at 543. However, before the case was arbitrated, the parties had stipulated to the arbitrators' jurisdiction. Also, the policy called for arbitration of disputes over "the amount of payment which may be owing under this insurance." *Id.* at 538 n. 2.[2]

■ Here, moreover, even assuming an agreement to arbitrate coverage disputes, defendant's claim is that the policy's uninsured motorist provision violates the Pennsylvania Motor Vehicle Financial Responsibility Law. This case, therefore, would fall within the exception to arbitrability as to claims in which "the claimant attacks a particular provision of the [uninsured motorist] clause itself as being contrary to a ... legislative mandate." *Webb v. United Servs. Auto Ass'n,* 227 Pa.Super. 508, 516,

---

**2.** There is language in some cases suggesting that all disputes concerning uninsured motorist provisions may be arbitrable. *See, e.g., Nationwide Mut. Ins. Co. v. Megill,* 449 F.Supp. 1200, 1203 (E.D.Pa.1978); *Nagle v. Allstate Ins. Co.,* 358 Pa.Super. 82, 93, 516 A.2d 1191, 1197 (1986);

*White v. Concord Mut. Ins. Co.,* 296 Pa.Super. 171, 175, 442 A.2d 713, 715, *aff'd,* 500 Pa. 103, 454 A.2d 982 (1982). The present opinion reflects the view expressed in *LaCourse, supra,* which is to the contrary.

323 A.2d 737, 741 (1974). *See White,* 296 Pa.Super. at 176, 442 A.2d at 715–16.

Defendant's motion to dismiss is denied.