## Lolli v. Ohio Casualty Group

*Enid W. Harris,* for plaintiffs.

*Anthony B. Panaway,* for defendant Ohio Casualty Group.

*John J. Aponick Jr.,* for defendant Allstate Insurance Company.

BROMINSKI, *J.*, March 31, 1988 — This matter comes before this court upon plaintiffs' motion for sanctions filed against defendants, Ohio Casualty Group and Allstate Insurance Company.[1] For the reasons advanced in this decision, we dismiss plaintiffs' motion.

On August 12, 1987, plaintiffs filed a writ of summons commencing an action in declaratory judgment against the above-named defendants. On the same date, plaintiffs filed and served interrogatories as well as a request for the production of documents on both defendants. Having received no response to their request for discovery, plaintiffs filed their motion for sanctions.

There are no pleadings filed in this case. The court must therefore guide itself by the facts alleged in the respective briefs as well as the oral argument presented in court. Since neither party disputes the material facts, we are not called upon to resolve any factual disagreement. The material facts can be succinctly summarized as follows:

On July 21, 1985, plaintiff, Irma Lolli, was a passenger in an automobile operated by John Churla. The Churla vehicle was insured under a policy of automobile insurance issued by Allstate. The Churla vehicle collided with an automobile operated by Thelma Williams in Beaufort County, South Carolina. Plaintiffs settled with Williams for the full limits of the Williams' policy. In return, plaintiffs executed a general release in favor of Williams.

Sometime thereafter, plaintiffs made a demand to Allstate for underinsured motorist benefits pursuant to the insurance policy which covered the Churla

---

1. Subsequent to the filing of the instant motion, defendant Ohio Casualty Group through its counsel filed answers to the interrogatories as well as a response to the motion for production. Defendant Ohio filed its response on November 16, 1987.

vehicle. Allstate denied coverage based on the fact plaintiffs executed a general release which affects their right of subrogation. Both parties agree that the Allstate policy of insurance contains an arbitration clause which provides that the right to underinsured benefits, as well as the amount of benefits, is to be determined by arbitration.

In their brief in support of their motion for sanctions, plaintiffs note that "the initial issue is whether the Lollis are precluded from asserting their contractual remedies because they failed to receive a consent to settle from Allstate." Allstate contends that this court is without power to compel answers since exclusive jurisdiction rests with a board of arbitrators.

It is now clear that the issue of whether an individual is barred from receiving uninsured motorist benefits because they executed a general release is to be resolved by the arbitrators.

In *Nagle v. Allstate Insurance Company,* 358 Pa. Super. 82, 516 A.2d 1191 (1986), the Superior Court was faced with issues similar to those pending before this court. The court stated, "Nonetheless, it appears that despite appellant's inability to recover uninsured mototist benefits due to *Cotton,*[2] (*Cotton v. Insurance Company of North America,* 344 Pa. Super. 602, 497 A.2d 254 (1985)), we are constrained to hold that the matter should have proceeded to arbitration pursuant to appellant's request." *Nagle, supra.* Conversely, an insurer cannot deny arbitration due to the insured's execution of a general release. *Nagle, supra.* It is therefore clear that the underlying dispute concerning the legal ef-

2. We are not called upon, nor do we express any opinion whether the same considerations underlying the uninsured motorists claim on *Cotton* is applicable to a claim for underinsured coverage.

fect of the release must be resolved by the arbitrators.

Plaintiffs' brief makes cryptic reference to other contractual issues over which this court would have general jurisdiction. As noted, there is no complaint filed, and this court must attempt to piece together the relevant facts. A careful review of the briefs, as well as oral argument, fails to indicate any other basis for plaintiffs' suit. The sole issue which we have been appraised is whether plaintiffs' claims for underinsured benefits is barred as a result of the execution of the general release. We will not speculate as to possible existence of other claims, of which there is no evidence.

Moreover, plaintiffs would not be totally barred from pursuing discovery through arbitration. The Rules of Arbitration provide for various forms of discovery should plaintiffs pursue that route.[3] None of the production of documents sought by plaintiffs would be precluded if plaintiffs followed the dictate of 42 Pa. C.S. §7309.

We are not here asked to decide the merits of plaintiffs' complaint and decline to do so. If plaintiffs have another claim against defendants, which we have not considered herein, they can file a complaint and have the issues exposed for judicial resolution. We hold here that where the issue is whether a party is entitled to underinsured motorist benefits as a result of the execution of a general release, it is a matter to be decided by arbitration. We therefore decline to compel discovery in a matter subject to compulsory arbitration.

Accordingly, we enter the following

---

3. See 42 Pa. C.S. §7309 authorizing the issuance of subpoenas for the attendance of witnesses as well as the production of books, records, documents and other evidence.

## ORDER

Now, March 31, 1988, it is hereby ordered, adjudged and decreed that plaintiffs' motion for sanctions is denied.