641 A.2d 1167

Joseph MESSA and Tina Messa, Appellants,

v.

STATE FARM INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 18, 1994.

Filed May 6, 1994.

Thomas F. Sacchetta, Media, for appellants.

Gerald F. McCormick, Wayne, for appellee.

Before WIEAND, HUDOCK and SAYLOR, JJ.

WIEAND, Judge.

The issue in this appeal is whether a court can properly dismiss a petition to compel arbitration where the court determines that the disputed claim to be arbitrated is barred by a statute of limitations.

Tina Messa was injured when, on April 5, 1987, the vehicle which she was driving collided with a vehicle owned by the United States Government, Department of the Army, and operated by Wei Chang. In October, 1987, the Department of the Army notified Messa that the Government would not "provide a defense for or insure the interests of Mr. Wei Chang." On November 2, 1987, Messa notified her carrier, State Farm Insurance Company, that she and her husband intended to pursue a claim under the uninsured motorist provisions of the policy. This claim was denied by State Farm on or about February 1, 1988. In July, 1989, State Farm filed a petition for a declaratory judgment that the Messa claim was precluded by a policy exclusion pertaining to government owned vehicles. This action was not actively pursued, however, and was subsequently dismissed for inactivity pursuant to local rule.

On February 11, 1993, Joseph and Tina Messa filed a petition requesting the court to enforce an arbitration agreement in the State Farm policy by appointing a defense arbitrator. State Farm filed an answer in which it alleged, inter alia, that a claim for uninsured motorist benefits was barred by the four year statute of limitations appearing at 75 Pa.C.S. § 1721. Subsequently, the trial court dismissed the petition for the appointment of an arbitrator, holding that the underlying claim was time barred. A petition for reconsideration was granted, but after such reconsideration, the trial court again dismissed the petition. The claimants appealed.

Appellee argued in the trial court and now argues on appeal that the four year statute of limitations began to run when plaintiffs became aware, in October, 1987, that coverage for the Chang car would not be provided by the United States Government. Therefore, an action commenced on February 11, 1993, more than five years later, was time barred. Appellants contend, however, that the statute of limitations was tolled when, in July, 1989, State Farm filed a petition for declaratory judgment to determine whether the claimants were entitled to uninsured motorist benefits under the terms

of the policy. With respect to this issue, we find it unnecessary to express an opinion.

When one party to an agreement seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of "(1) whether an agreement to arbitrate was entered into and (2) whether the dispute involved comes within the ambit of the arbitration provision." *Rocca v. Pennsylvania General Ins. Co.,* 358 Pa.Super. 67, 70, 516 A.2d 772, 773 (1986), *allocatur denied,* 517 Pa. 594, 535 A.2d 83 (1987). See also: *Wolf v. Baltimore,* 250 Pa.Super. 230, 234, 378 A.2d 911, 912 (1977). Once it has been determined that an agreement to arbitrate exists and that the dispute falls within the arbitration provision, the trial court, pursuant to the provisions of the Uniform Arbitration Act [1], must order the parties to proceed with arbitration. In such cases, the court is not free to examine the merits of the controversy. Thus, it is provided at 42 Pa.C.S. § 7304(a) and (e), in pertinent part, as follows:

(a) **Compelling arbitration.**—On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration....

. . . .

(e) **No examination of merits.**—An application for a court order to proceed with arbitration shall not be refused, nor shall an application to stay arbitration be granted, by the court on the ground that the controversy lacks merit or bona fides or on the ground that no fault or basis for the controversy sought to be arbitrated has been shown.

These provisions are applicable both to statutory and common law arbitration. See: 42 Pa.C.S. § 7342(a) (Supp.1993). Accord: *Rocca v. Pennsylvania General Ins., supra* 358 Pa.Su-

---

1. Act of October 5, 1980, P.L. 693, No. 142, § 501(a), 42 Pa.C.S. § 7301 et seq.

per. at 74, 516 A.2d at 776; *McGinley v. Allstate Ins. Co.*, 352 Pa.Super. 139, 142–143, 507 A.2d 420, 422 (1986).

In *Nagle v. Allstate Ins. Co.*, 358 Pa.Super. 82, 516 A.2d 1191 (1986), Robert Nagle was injured when he was struck by a vehicle while attempting to attach an automobile to a tow truck. The vehicle which struck Nagle was owned by Larry Weller and operated by Jeffrey Shealer, an employee of Tecnad Enterprises. Nagle commenced suit against Shealer, Weller and Tecnad. Shealer was denied coverage by his own insurer as well as by Weller's insurance carrier. Therefore, Nagle sought uninsured motorist benefits from Allstate, his father's insurance carrier. Without the consent of Allstate, Nagle entered into a settlement agreement with Weller and Tecnad. Allstate therefore denied Nagle's request for uninsured motorist benefits and refused to submit the claim to arbitration or to appoint an arbitrator. Nagle's subsequent petition to compel arbitration was denied by the trial court on the basis that, pursuant to the Uninsured Motorist Act, 40 P.S. § 2000(e)(2), one who enters into a settlement without the insurer's consent is precluded from recovering uninsured motorist benefits. On appeal to the Superior Court, Nagle argued that the trial court had committed error because the policy at issue provided that any disagreement as to the right to receive benefits was to be submitted to arbitration according to the rules of the American Arbitration Association. The Superior Court agreed. Despite the fact that Nagle's claim for uninsured motorist benefits would ultimately fail, the Superior Court stated, in pertinent part:

Nonetheless, it appears that despite [Nagle's] inability to recover uninsured motorist benefits ... we are constrained to hold that the matter should have proceeded to arbitration pursuant to [Nagle's] request. The insurance contract between the parties plainly required that disputes over uninsured motorist coverage be submitted to arbitration. The parties clearly had a dispute over whether [Nagle] was entitled to such benefits. Therefore, in accordance with the policy language, arbitration became compulsory at the request of either party.

Even though this is a case involving common law arbitration, making [*McGinley v. Allstate Ins. Co.*, 352 Pa.Super. 139, 507 A.2d 420 (1986) ] nondispositive, there is a long line of caselaw holding that even in dealing with common law arbitration, questions concerning the application or construction of the uninsured motorist clause fall within the exclusive jurisdiction of the arbitrators. See, e.g., *Runewicz v. Keystone Insurance Co.*, 476 Pa. 456, 383 A.2d 189 (1978) (broad power of arbitrators has been repeatedly recognized in uninsured motorist cases, and their decision is final as to whether conditions precedent for coverage have been complied with, **whether claim is barred by statute of limitations,** whether injured party is included among those covered, and whether motorist is in fact uninsured). . . .

*Id.*, 358 Pa.Super. at 93, 516 A.2d at 1197 (emphasis added). Compare: *Clark v. State Farm Automobile Ins. Co.*, 410 Pa.Super. 300, 599 A.2d 1001 (1991).

 Although the policy of insurance at issue in *Nagle v. Allstate Ins. Co., supra,* was governed by common law principles of arbitration, its rationale is equally applicable to cases governed by the Uniform Arbitration Act, 42 Pa.C.S. § 7301, et seq. It is well settled that unless restricted by the agreement of submission, arbitrators are the final judges of both law and fact. *Brennan v. General Accident Fire and Life Assurance Corp., Ltd.*, 524 Pa. 542, 550, 574 A.2d 580, 583 (1990). Whether the arbitration agreement is governed by statutory principles or by common law, questions of law and fact are properly submitted to the arbitrators. See: 42 Pa.C.S. § 7304, *supra; Runewicz v. Keystone Ins. Co., supra* (and cases cited therein); *Shannon v. Pennsylvania Edison Co.*, 364 Pa. 379, 72 A.2d 564 (1950); *McGinley v. Allstate Ins. Co., supra.* Thus, if a dispute between parties is properly the subject of an agreement to arbitrate, arbitration is the procedure to follow.

 We conclude, therefore, that the trial court erred when it denied appellants' petition for the appointment of an arbitrator on grounds that their claim for uninsured motorists bene-

fits was barred by the statute of limitations. If a valid arbitration agreement exists between the parties and appellants' claim is within the scope of the agreement, the controversy must be submitted to arbitration. Thereafter, it is for the arbitrators to rule on the merits of the parties' claims and defenses.

The order of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.