## AAV Inc. v. Dav El Reservations System Inc.

C.P. of Philadelphia County, August Term 2006, no. 1525.

*Maurice R. Mitts,* for plaintiffs.
*Alan C. Promer,* for defendants.

SHEPPARD JR., *J.,* April 2, 2007—Before the court are defendant's preliminary objections to plaintiff's complaint. For the reasons discussed, the preliminary objections are sustained, in part. The dispute between AAV and Dav El Services Inc. is subject to arbitration.

## DISCUSSION

This disputes involves an agreement for limousine services between plaintiff AAV and defendant Dav El Services. According to the complaint, the agreement was first executed in 1980 and was subsequently renewed in 1998. Plaintiffs allege that the agreement was wrongfully terminated in May 2004 by all of the Dav El defendants,[1] and allege further that, following this wrongful termination, defendants wrongfully gave bookings to other limousine services, including defendants Celebrity Limousine Service Inc. and Eagle Limousine Inc.

Defendants filed preliminary objections arguing, inter alia, that this court lacks jurisdiction over the matter in that the parties agreed to submit the dispute to arbitration. 42 Pa.C.S. §7303 states:

---

1. The Dav El defendants include: Dav El Reservations System Inc., Dav El Services Inc., Dav El New Jersey Inc.

"A written agreement to subject any existing controversy to arbitration or a provision in a written agreement to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity relating to the validity, enforceability or revocation of any contract." 42 Pa.C.S. §7303.

Judicial inquiry in determining whether a suit must proceed to arbitration requires a determination as to whether: (1) a valid agreement to arbitrate exists between the parties and, if so, (2) whether the dispute involved is within the scope of the arbitration provision. *Smith v. Cumberland Group Ltd.,* 455 Pa. Super. 276, 284, 687 A.2d 1167, 1171 (1997); *Messa v. State Farm Insurance Company,* 433 Pa. Super. 594, 597, 641 A.2d 1167, 1168 (1994); *PBS Coal Inc. v. Hardhat Mining Inc.,* 429 Pa. Super. 372, 376-77, 632 A.2d 903, 905 (1993).

Here, the agreement contains a valid agreement for arbitration under paragraph 27, which states:

"Any controversy, dispute, or question arising out of, in connection with, or in relation to this agreement or out of, in connection with or in relation to this agreement or its interpretation, performance or nonperformance or any breach thereof shall be determined by arbitration conducted in New York City in accordance with the existing rule of the American Arbitration Association, and judgment upon any award, which may include an award of damages, may be entered in the highest state or federal court have [sic] jurisdiction. Nothing contained herein shall in any way deprive the Franchisor of its right to obtain injunctive or other equitable relief as previously set forth herein in lieu of arbitration." Compl. at exhibit 1 at ¶27.

The inquiry then is whether the instant dispute falls within the scope of the arbitration provision. Whether a particular dispute falls within a contractual arbitration provision is a matter of law for the court to decide. *Shadduck v. Christopher J. Kaclik Inc.,* 713 A.2d 635, 637 (Pa. Super. 1998). Pennsylvania law advocates strict construction of arbitration agreements and dictates that any doubts or ambiguity as to arbitrability be resolved in favor of arbitration. *Smith,* 455 Pa. Super. at 284, 687 A.2d at 1171. The fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties. *Lower Frederick Township v. Clemmer,* 518 Pa. 313, 329, 543 A.2d 502, 510 (1988). In order to determine the meaning of the agreement, the court must examine the entire contract, taking into consideration "the surrounding circumstances, the situation of the parties when the contract was made and the objects they apparently had in view and the nature of the subject matter." *Huegel v. Mifflin Construction Company Inc.,* 796 A.2d 350, 354 (Pa. Super. 2002).

This court finds that the broad arbitration provision at issue encompasses all of the stated claims between plaintiff AAV and defendant Dav El Services. Each claim turns—at least on some level—on whether Dav El Services violated and/or wrongfully terminated the agreement. Moreover, while the other defendants are not bound by the agreement, the outcome of the claims against them will be directly impacted by the decision whether Dav El Services breached the agreement.

All remaining claims in this action are stayed pending the resolution of this arbitration. Nothing in this order precludes any of the remaining defendants—or plaintiff

ASV[2]—from joining in the arbitration proceeding, if they so choose. Nor does this order prejudice the plaintiffs from pursuing equitable remedies once there has been a determination at the arbitration concerning the parties' obligations under the agreement.

The court will enter a contemporaneous order consistent with this opinion.

## ORDER

And now, April 2, 2007, upon consideration of defendants' preliminary objections, the response in opposition, the respective memoranda, all matters of record and in accord with the opinion being filed contemporaneously, it is ordered:

(1) Defendants' preliminary objections are sustained, in part, as to the claims between plaintiff AAV and defendant Dav El Services. This matter is subject to arbitration pursuant to the written agreement between the parties.

(2) All further proceedings are stayed pending the resolution of this arbitration.

---

2. Based on the allegations of the complaint, it is unclear why plaintiff ASV is a party to this lawsuit. The complaint indicates that ASV is a wholly-owned subsidiary of AAV (compl. at ¶3) and that Anthony S. Viscusi is president of both companies. (*Id.* at ¶11.) However, there is no specific explanation as to the basis for ASV's standing in this lawsuit.