**In re Victor E. EDWARDS, Debtor.**

**Victor E. EDWARDS, Plaintiff,**

**v.**

**Tracey Anne EDWARDS, Defendant.**

**Bankruptcy No. LA 86–22518–NCA.
Adv. No. LA 88–00139–NCA.**

United States Bankruptcy Court,
C.D. California.

April 15, 1988.

Adam L. Rosen, Michaelson, Susi & Michaelson, Santa Barbara, Cal., for debtor/plaintiff, Victor E. Edwards.

Richard C. Conway, Kahn, Soares & Conway, Hanford, Cal., for defendant, Tracey Anne Edwards.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

The debtor and Tracey Anne Edwards were married. In September 1986 the debtor contends that he and Tracey entered into an oral agreement in which they agreed to file for divorce, waive spousal support, divide the community property equally, and split the debts for which they were jointly liable so that the other party would be held harmless from a debt paid by the responsible spouse.

In October, 1986 the parties were divorced when the state court granted a joint petition for summary dissolution. The state court divorce order did not provide for spousal support. A month later the debtor filed a petition for relief under Chapter 7. The debtor's listed unsecured debts were discharged. However, some of these debts were joint debts for which Tracey is now responsible.

Tracey sought spousal support in superior court, which was ordered ·on November 20, 1987. The state court order directs the debtor to pay as spousal support debts

which have been discharged in the debtor's Chapter 7.

On January 11, 1988 the superior court allowed the debtor's wages to be garnished.

## DISCUSSION

The debtor seeks to enjoin Tracey Anne Edwards from receiving spousal support and from enforcing the state court order. If the oral agreement entered into between the debtor and Tracey is enforceable then Tracey waived her right to spousal support and has no right to collect support from the debtor. However, if the agreement was breached by the debtor or is otherwise unenforceable, then the issue becomes whether California Civil Code § 4812 allows a court to modify the discharge ordered by the bankruptcy court by forcing the debtor to pay debts previously discharged in the form of spousal support to his spouse.

■ In a marriage dissolution proceeding one spouse cannot be required to pay obligations which have been discharged in bankruptcy. *In re Marriage of Cohen*, 164 Cal.Rptr. 672, 105 Cal.App.3d 836 (1980); *See also, In re Marriage of Clements*, 134 Cal.App.3d 737, 184 Cal.Rptr. 756 (1982).

In *In re Marriage of Williams*, 157 Cal. App.3d 1215, 203 Cal.Rptr. 909 (1984), the husband and wife split the community property debts so that the other spouse was held harmless. After dissolution of their marriage the wife filed bankruptcy and received a discharge of debts to her husband and her share of the community property debts. In state court the husband was granted the right to offset the amount that his exwife owed to him plus the amount that he was required pay to the community property creditors on account of his wife's discharge of these debts. On appeal the court reversed holding that the trial court's order permitting the husband to offset his wife's discharged indebtedness frustrated the intent and purpose of federal bankruptcy law and violated the federal supremacy clause of the United States Constitution.

The *Williams* court examined California Civil Code § 4812 and its legislative history. It found that this section was designed to redress the inequity which results "when one spouse, having accepted assignment of certain community property debts, subsequently discharges those debts in bankruptcy and leaves the other spouse exposed to individual liability in derogation of an equal division of the community property." *Williams*, at 1226, 203 Cal.Rptr. 909. However, the state statute must be read so as not to conflict with federal law in violation of the supremacy clause of the constitution.

> It is possible to readjust the relative position of the spouses by modification of a spousal support order, taking into consideration the amount of property obligations discharged by one spouse in bankruptcy. There is nothing in the provisions of Civil Code § 4812 nor in the legislative history behind it to suggest that the Legislature intended to or believed it could go beyond the scope of that law to reach and modify final property settlements, notwithstanding the inequities which result from discharges in bankruptcy of the type here in question.

*Williams*, at 1226–7, 203 Cal.Rptr. 909.

■ Here, as in *Williams*, the discharged debts arose out of the community property division. These debts were unrelated to alimony, support, or maintenance, but were rather in the nature of a property settlement. Federal bankruptcy law allows the discharge of such debts. *See*, 11 U.S.C. § 523(a)(5). Moreover, there was no prior allowance of spousal support for the benefit of either party. Therefore the effect of the state court order was not to make an adjustment in spousal support based upon an increased need, but rather to circumvent the bankruptcy laws and find a way to make a discharged debt in effect nondischargeable.

The defendant is therefore enjoined from enforcing the state court order awarding her spousal support.

This memorandum of decision shall constitute further findings of fact and conclusions of law pursuant to Bankruptcy Rule

7052. A separate judgment will be entered.