720 A.2d 1028

**Jeffrey H. COHEN, Appellant,**

v.

**Lisa A. GOLDBERG, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided Nov. 23, 1998.

202

Peggy Lynn Ferber, Lorraine W. Mervan, Stanley E. Levine, Pittsburgh, for Jeffrey H. Cohen.

Joann Ross Wilder, Brian C. Vertz, Eric A. Schaffer, Pittsburgh, for Lisa A. Goldberg.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION*

NEWMAN, Justice.

Jeffrey H. Cohen (Cohen) appeals from an Order of the Superior Court that reversed an Order of the Court of Common Pleas of Allegheny County, Family Division (trial court) directing Lisa A. Goldberg (Goldberg) to pay Cohen approximately one hundred twenty-seven thousand dollars ($127,-000.00) as his 50 percent share of their marital estate. The issue in this appeal is whether Goldberg is entitled to recoupment of certain loans discharged in Cohen's bankruptcy.

## FACTUAL AND PROCEDURAL HISTORY

The parties were married on September 4, 1988. Immediately prior to the marriage, they entered into a Premarital Agreement by which both parties agreed that, if there were a divorce, they would divide the marital property equally between them. During the marriage, Cohen, a pediatric ophthalmologist, borrowed various sums of money from Goldberg, a dermatologist, to support Cohen's failing medical practice.

On the advice of Goldberg's attorney and accountant, some of the loans were formalized in writing. In 1988, Cohen signed a promissory note to Goldberg in the amount of four thousand dollars ($4,000.00), and in 1991, Cohen signed another promissory note in the amount of one hundred two thousand dollars ($102,000.00). Goldberg also made additional loans to Cohen, totaling approximately fifty thousand dollars ($50,000.00), which were not evidenced by promissory notes. All of the loans were unsecured and interest free.

On May 18, 1992, Cohen, whose medical practice was no longer financially viable, filed a voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 et seq.[1] Cohen listed Goldberg as an unsecured nonpriority creditor, and Goldberg filed a Proof of Claim for amounts owed pursuant to the loans. The Proof of Claim was allowed, but Goldberg received no distribution

---

1. Goldberg was not a party to the bankruptcy filing.

when Cohen's bankruptcy was discharged on September 22, 1992. Goldberg did not object to the discharge.

Shortly after that, the parties separated, and on May 19, 1994, Cohen filed a Complaint for Divorce. With respect to the equitable distribution of the marital property, Goldberg argued that she was entitled to a setoff or recoupment against Cohen's share of the property to compensate for the loans discharged in Cohen's bankruptcy. Following a hearing, the trial court concluded that Goldberg was not entitled to any setoff or recoupment. Accordingly, pursuant to the Premarital Agreement, the court divided the marital properly evenly between the parties.

Goldberg appealed to the Superior Court, which, in a published Opinion, reversed the Order of the trial court. The Superior Court reviewed the doctrines of setoff and recoupment in the context of bankruptcy, noting that, "the doctrine of recoupment is limited only by the requirement that both debts arise 'from the same transaction.'" *Cohen v. Goldberg,* 695 A.2d 806, 809 (Pa.Super.1997) (quoting 4 Collier on Bankruptcy § 553.03 (Lawrence P. King, ed., 15th ed.1992)). The court concluded that, while Goldberg was not entitled to a setoff, she was entitled to recoupment of the amounts discharged in Cohen's bankruptcy:

> Instantly, there can be no doubt that [Goldberg's] loans to [Cohen] were made only because the parties were spouses.... It is equally obvious that [Goldberg] would not have incurred the equitable distribution debt but for the marriage. To now permit [Cohen] to escape recoupment by claiming that the loans from [Goldberg] and the equitable distribution proceeding are different transactions would be to ignore the common element giving rise to both debts, and without which neither would exist.* This result can be avoided only by construing the parties' marriage as a single transaction from which both debts arose.

*Id.,* at 810–11. We find, however, that the Superior Court erred in determining that the parties' marriage constituted a

single transaction for purposes of recoupment. Therefore, we reverse.

## DISCUSSION

■ Although there is no recoupment provision in the Bankruptcy Code, bankruptcy law recognizes the common law doctrine of recoupment:

Recoupment "is the setting up of a demand *arising from the same transaction* as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim." [Quoting 4 Collier on Bankruptcy § 553.03 (Lawrence P. King, ed., 15th ed.1992) (emphasis added)]. This doctrine is justified on the grounds that "where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation, and application of the limitations on setoff in bankruptcy would be inequitable." [Quoting *Lee v. Schweiker,* 739 F.2d 870, 875 (3d Cir.1984) ].

*University Medical Center v. Sullivan,* 973 F.2d 1065, 1079–80 (3d Cir.1992). Federal courts have consistently held that the "same transaction" requirement must be interpreted quite narrowly. *See, e.g., In re B & L Oil Co.,* 782 F.2d 155 (10th Cir.1986); *Lee, supra.* For example, in *University Medical Center,* the United States Court of Appeals for the Third Circuit held as follows:

For the purposes of recoupment, a mere logical relationship is not enough; the "fact that the same two parties are involved, and that a similar subject matter gave rise to both claims, . . . does not mean that the two arose from the 'same transaction.' " [Quoting *Lee,* 739 F.2d at 875]. Rather, both debts must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations.

*Id.,* at 1081. *Accord In re Peterson Distributing, Inc.,* 82 F.3d 956 (10th Cir.1996); *Reading Company v. City of Phila-*

*delphia,* 155 B.R. 890 (E.D.Pa.1993); *In re Women's Technical Institute,* 200 B.R. 77 (Bankr.D.Mass.1996). The most common application of the doctrine of recoupment in bankruptcy is where "either the creditor has made some type of overpayment to the debtor or both the creditor and the debtor have claims arising from a single contract." *Reading Company,* 155 B.R. at 911.

■ Considering these analytical guidelines, the Superior Court's construing the parties' marriage as a single transaction for purposes of recoupment was clearly erroneous. In the first instance, we question whether, in the context of recoupment, the union of two individuals in the bonds of matrimony and their subsequent life together can be considered a "transaction" at all. Even if it could, we would have to consider the parties' divorce to be a separate "transaction," which would negate a claim for recoupment arising out of equitable distribution proceedings.

Moreover, the Superior Court's finding that the parties' marriage was a "common element giving rise to both debts, and without which neither would exist," *Cohen v. Goldberg,* 695 A.2d at 811, is insufficient to render the marriage a single transaction for purposes of recoupment. "A set of common facts differs substantially from a single transaction or a single series of transactions that gives rise to both a debtor's and a creditor's claims against each other." *Reading Company,* 155 B.R. at 912. Pursuant to the Superior Court's sweeping construction, any ongoing interpersonal relationship could constitute a "single transaction" for purposes of recoupment, and the rule would therefore become meaningless.

■ To effectuate the policies of the Bankruptcy Code, including the paramount goal of affording the debtor a "fresh start," the single transaction requirement must be narrowly construed. *See, e.g., University Medical Center, supra; Lee, supra.* The Superior Court, however, chose to neglect the fresh start policy in favor of general "equitable" concerns, and

therefore stretched the single transaction requirement beyond its accepted meaning. This was error.

■ Pursuant to well settled bankruptcy law precedent, Goldberg's loans to Cohen, some of which were evidenced by separate promissory notes, plainly constituted separate transactions to which the doctrine of recoupment could not apply. Accordingly, we reverse the order of the Superior Court.

SAYLOR, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a concurring opinion in which CASTILLE, J., joins.

ZAPPALA, Justice, concurring.

Although I agree with the result reached by the majority, I do so for different reasons. Contrary to the majority's analysis, I do not believe it is necessary to address whether the parties' marriage constitutes a single transaction or occurrence for purposes of determining whether recoupment is warranted since I do not believe the common law doctrine of recoupment is applicable or available in the context of an equitable distribution proceeding. Clearly, the majority's analysis is in response to the Superior Court's opinion concluding that the parties' marriage does constitute a single transaction or occurrence; however, I believe the Superior Court committed a fundamental error by applying the very narrow concept of recoupment outside the context of bankruptcy proceedings. Simply put, the way in which Superior Court applied recoupment was erroneous, but this error is overshadowed by the fact that the court should not have applied recoupment at all.

As noted by the majority, Cohen filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code. He listed Goldberg as an unsecured non-priority creditor and Goldberg filed a proof of claim for the amounts owed to her

pursuant to their loan agreements. Goldberg's proof of claim was permitted, but she received no distribution when Cohen's bankruptcy was discharged. Goldberg failed to object, before, during or after the discharge of Cohen's debts. Thus, Cohen's liability for these debts was extinguished by the bankruptcy court.

Although the common law doctrine of recoupment has been recognized within the context of bankruptcy proceedings, the doctrine is to be narrowly construed. See *In re B & L Oil Co.,* 782 F.2d 155, 159 (10th Cir.1986); *Electronic Metal Prod., Inc. v. Honeywell, Inc.,* 95 B.R. 768 (D.Colo.1989) (recoupment is an equitable doctrine, which one might expect to be broad; however, it should be narrowly construed.) Thus, the Superior Court's application of this doctrine to equitable distribution proceedings, which arose after the bankruptcy proceedings were finalized, was an improper attempt to frustrate the discharge in bankruptcy. See *In re Edwards,* 91 B.R. 95, 96 (Bankr.C.D.Cal.1988) (the bankruptcy court refused to permit the state court to circumvent the effects of husband's bankruptcy discharge by ordering husband to pay as support to wife debts that were previously discharged; courts cannot find a way to make a discharged debt in effect nondischargeable).

Based on the foregoing, I would reverse the Superior Court's decision and order.

CASTILLE, J., joins this concurring opinion.