

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2009

# Interdigital Comm Co v. Fed Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Interdigital Comm Co v. Fed Ins Co" (2009). *2009 Decisions.* Paper 1970.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1970

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1986
_____

INTERDIGITAL COMMUNICATIONS CORPORATION;
INTERDIGITAL TECHNOLOGY CORPORATION;

Appellants,

v.

FEDERAL INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No.: 2-03-06082)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2009

Before: CHAGARES, HARDIMAN, *Circuit Judges* and ELLIS,* *District Judge*

(Filed: January 29, 2009)
_____

OPINION OF THE COURT
_____

---

*The Honorable Thomas Selby Ellis, III, Senior District Judge for the United States District Court for the Eastern District of Virginia, sitting by designation.

HARDIMAN, *Circuit Judge*.

Interdigital Communications Corp. appeals an order of the District Court confirming an arbitration award in favor of Federal Insurance Company. Interdigital argues that the District Court should have stayed confirmation of the award so it can assert a recoupment claim against Federal. The District Court confirmed the award after it held that Interdigital no longer possessed a recoupment claim. We will affirm.

I.

Because we write exclusively for the parties, we recount only the facts essential to our decision.

Interdigital was embroiled in patent litigation with Ericsson for ten years. During that case, Interdigital and Federal had an insurance coverage dispute that was resolved in 2000 by a Reimbursement Agreement under which Federal agreed to pay all litigation costs in exchange for a percentage of any payment Interdigital might receive from Ericsson. In 2003, Ericsson agreed to pay Interdigital more than $100 million to settle the patent litigation. Federal sought payment under the Reimbursement Agreement and, when Interdigital refused to pay, Federal demanded arbitration pursuant to a mandatory arbitration clause contained therein.

In response to Federal's demand for arbitration, Interdigital filed a declaratory judgment action in federal court, claiming that the Reimbursement Agreement was void. The District Court disagreed and compelled arbitration. Significantly, Interdigital did not

2

argue that any particular issue exceeded the arbitrator's authority under the arbitration clause; instead it merely objected to the timing of Federal's arbitration demand, claiming that the parties had not yet expended reasonable efforts to resolve the dispute on their own. Before addressing that argument, the District Court noted: "as a threshold matter, the [C]ourt must address whether the parties agreed to arbitrate and the scope of the [arbitration] agreement between the parties." Finding that "the parties have formally agreed to arbitrate their dispute and the dispute falls within the scope of the arbitration agreement," the District Court concluded that the arbitrator had to decide whether the parties had expended reasonable efforts to settle their dispute. *Interdigital Commc'ns Corp. v. Fed. Ins. Co.*, 392 F. Supp. 2d 707, 716-17 (E.D. Pa. 2005). The District Court also noted:

> *Interdigital has not argued that its claims with respect to the amount of Federal's reimbursement do not fall within the scope of the agreement to arbitrate.* Rather, Interdigital argues that arbitration is not timely because the parties have not satisfied a condition precedent that the parties meet to resolve the dispute prior to submitting the matter to arbitration.

*Id.* at 716 (emphasis added).

The parties proceeded to arbitration, where they disagreed regarding royalty payments subject to the Reimbursement Agreement, as well as the "additional value" derived from non-monetary provisions of the Ericsson settlement. At no point did Interdigital assert a defense to liability under the Reimbursement Agreement, or attempt

3

to assert any counterclaim against Federal. The arbitrator awarded Federal almost $20 million, and Federal sought confirmation by the District Court.

Interdigital requested a stay so it could assert a counterclaim for recoupment based on Federal's alleged "bad faith and [breach of] contractual and fiduciary duties to . . . Interdigital, by withholding reimbursement for attorneys' fees . . . to coerce Interdigital to enter the Reimbursement Agreement." App. 392. Significantly, Interdigital averred that its recoupment claim sought "the same monetary relief as Federal was awarded in the arbitration." App. 393. The District Court denied the stay, holding that the recoupment claim should have been presented to the arbitrator because it was a defense to the merits of Federal's claim in arbitration. Interdigital timely appealed the order of the District Court confirming Federal's arbitration award.

## II.

The gravamen of Interdigital's argument is that the District Court erred in precluding it from prosecuting in federal court a recoupment claim that it could not have brought in arbitration. Interdigital's appeal succeeds or fails depending upon whether its recoupment claim is properly characterized as a counterclaim to Federal's arbitration claim or as a defense on the merits.

### A.

4

We begin with a brief discussion of recoupment. The leading treatise counsels that

> untimely counterclaims [may] be asserted on the ground that the ability to seek relief in the form of a common-law recoupment, which was a species of defense, survives for as long as plaintiff's claim can be asserted and therefore is not barred by untimeliness. Thus, although a defendant cannot seek affirmative relief on the counterclaim . . . [he] may assert [it as a recoupment claim] to the extent that it defeats or diminishes plaintiff's recovery.

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 6 FEDERAL PRACTICE & PROCEDURE § 1419 (2008). Under Pennsylvania law, "[r]ecoupment is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim," and "it is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation." *Cohen v. Goldberg*, 720 A.2d 1028, 1030 (Pa. 1998). In the context of a contract dispute, when "some claim [a] defendant has against [a] plaintiff aris[es] out of the very contract giving rise to plaintiff's claim," the same transaction requirement is met and the defendant's claim may be asserted as recoupment, even if it would otherwise be time-barred. 6 FEDERAL PRACTICE & PROCEDURE § 1401 n.1.

The requirement that a recoupment claim must arise out of the same transaction as the plaintiff's claim mirrors part of the compulsory counterclaim rule in the Federal Rules of Civil Procedure. FED. R. CIV. P. 13(a) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing

party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim [].").  Scholars and courts have noted:

> [R]ecoupment is the common law precursor to the modern compulsory counterclaim. Yet, the recoupment doctrine is more than a precursor; it has survived the codification of compulsory counterclaims and enjoys continuing vitality today as a means of asserting an otherwise time-barred counterclaim.

David G. Epstein & Jonathan A. Nockels, *Recoupment: Apples, Oranges and Fruit Basket Turnover*, 58 SMU L. REV. 51, 58 (2005) (quoting *Berger v. City of N. Miami*, 820 F. Supp. 989, 992 (E.D. Va. 1993).

This is but a glimpse of the precedent on recoupment.  Suffice it to say for present purposes that recoupment is a type of counterclaim arising from the same transaction as the plaintiff's claim, and may be asserted for defensive purposes to diminish or extinguish the plaintiff's claim after the normal limitations period has expired.

B.

The distinction between counterclaim and defense is significant in the context of arbitration.  On one hand, parties may strictly limit the scope of an arbitration clause and a court cannot compel parties to arbitrate claims beyond the arbitrator's authority.  *See State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710 (3d Cir. 2000);  *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986); *Int'l Bhd. of Elec. Workers v. Verizon N.J., Inc.*, 458 F.3d 305 (3d Cir. 2006).  Therefore, even though recoupment

6

mirrors a compulsory counterclaim in certain respects, one may not assert a recoupment claim in the course of arbitration if it is excluded by a narrow arbitration clause.

On the other hand, a defense to an arbitrable claim is, in most cases, considered "a component of the dispute on the merits and must be considered by the arbitrator, not the court." *Chiron Corp. v. Ortho Diag. Sys, Inc.*, 207 F.3d 1126, 1132 (9th Cir. 2000). *See also Messa v. State Farm Ins. Co.*, 641 A.2d 1167, 1170 (Pa. Super. 1994) ("[I]t is for the arbitrators to rule on the merits of the parties' claims and defenses."). In *Chiron*, the Court of Appeals for the Ninth Circuit concluded that "[a]s with other affirmative defenses such as laches and statute of limitations . . . *a res judicata* defense is a 'component' of the merits of the dispute and is thus an arbitrable issue." *Id.* at 1134. *See also John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 138 (3d Cir. 1998) (*res judicata* defense to arbitrable claim should be heard by the arbitrator, unless a prior federal judgment is at issue); *Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996) ("The preclusion issue is not . . . a disagreement over whether the parties agreed to arbitrate the merits of their dispute. [Rather, the] claim of preclusion is a legal defense to National Union's claim. As such, it is itself a component of the dispute on the merits.") (quotation omitted).

Interdigital characterizes its recoupment claim as a counterclaim rather than a defense, arguing that because the arbitration provision in the Reimbursement Agreement

involved only the monetary value of services that might be part of a settlement agreement with Ericsson, it was unable to raise its recoupment claim in the arbitration. We disagree.

Although recoupment may be properly characterized as a counterclaim in certain circumstances, here Interdigital's recoupment claim is entirely dependent on Federal's claim – not merely to revive its timeliness, but also in substance. Interdigital has crafted a theory of recovery superficially distinct from Federal's reimbursement claim, but the only damages claimed by Interdigital are the arbitration award itself. App. 393 ("Interdigital's claims of bad faith and breach of contractual and fiduciary duties . . . seek the same monetary relief as Federal was awarded in the arbitration."). Contrary to Interdigital's assertion that its defense "does not relate to the merits of Federal's claim," Appellant's Reply Br. at 9, the bad faith and breach of contract/fiduciary duty claims exist only to the extent that the alleged harms led to the arbitration award. Thus, the recoupment claim is a component of the underlying arbitration dispute in the same sense as other affirmative defenses. *See In re Trans World Airlines*, 322 F.3d 283, 289 (3d Cir. 2003) (in bankruptcy context, assuming that recoupment claim is an affirmative defense).

## C.

We have previously held that a *res judicata* defense to an arbitration claim must be decided by the court, not the arbitrator, if it involves the prior judgment of a federal court. *John Hancock,* 151 F.3d at 138. But the policy concerns about the integrity and finality of judgments, *id.*, that justified the exception crafted in that case are absent in the context

of Interdigital's recoupment claim, which was based on bad faith and breach of contract. Requiring Interdigital to present its recoupment claim to the arbitrator as a defense on the merits is consistent with our view of arbitration:

> [W]e have consistently admonished the courts to exercise the utmost restraint and to tread gingerly before intruding upon the arbitral process. There is, of course, good reason for this restrained approach. Arbitration is, above all, a matter of contract and courts must respect the parties' bargained-for method of dispute resolution. Indeed, arbitration most often arises in areas where courts are at a significant experiential disadvantage and arbitrators, who understand the language and workings of the shop, may best serve the interest of the parties. Thus, there is a strong policy in favor of arbitration and courts must resist the attempt to intrude upon arbitration proceedings where the statute does not explicitly authorize court involvement.

*Id.* at 136-37 (quotations and citations omitted).

We also find it significant that construing Interdigital's recoupment claim as an independent counterclaim beyond the scope of arbitration would be contrary to Interdigital's own position in 2005. *See Interdigital Commc'ns*, 392 F. Supp. 2d at 716 (noting that "Interdigital has not argued that its claims with respect to the amount of Federal's reimbursement do not fall within the scope of the agreement to arbitrate"). We therefore conclude that Interdigital's recoupment claim constitutes a defense on the merits that should have been presented to the arbitrator. *See United Steelworkers of Am. v. Am. Smelting and Ref. Co.*, 648 F.2d 863, 870 (3d Cir. 1981) (rejecting attack on arbitration award because the argument was not presented to the arbitrator); *Interdigital Comm'cns Corp. v. Fed. Ins. Co.*, No. 03-6082, 2008 WL 783560, at *7 (E.D. Pa. Mar. 24, 2008)

9

("A new defense, interjected at this late stage, is not a ground for relief from the arbitration award.") (citing 42 PA. CONS. STAT. § 7314).[1]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[1]Even if Interdigital's claim were a counterclaim instead of a defense, it waived that claim by waiting until after arbitration to present it to the District Court. The parties agreed to arbitrate under rules which grant the arbitrator authority to determine the scope of the arbitration clause and require parties to give notice of all "claims, remedies sought, counterclaims, and affirmative defenses (including jurisdictional challenges)" within seven days. App. 450-64.